JENSEN *v.* FAGEN.

[No. 19,765. Filed July 2, 1964. Rehearing denied August 11, 1964. Transfer denied April 25, 1966.]

*Edwin L. Robinson,* of Morocco, and *Donald E. Bowen* and *Bowen, Myers, Northam & Givan,* of Indianapolis, for appellant.

*Robert H. Moore,* of Valparaiso, *Barbara Rondinelli,* of Gary, and *Willis, Rodin & Willis,* of Portage, for appellee.

COOPER, J.—This matter comes to us from a judgment rendered in the Newton Circuit Court wherein the trial court sustained a plea in abatement filed by George S. Fagen, appellee herein.

It appears from the record now before us that the appellant herein, Anna L. Jensen, filed a complaint for damages for personal injuries allegedly sustained by her when an automobile in which she was a passenger collided with an automobile operated by the appellee herein.

It is also apparent from the record that on the 29th day of April, 1960, the plaintiff filed her complaint with the Clerk of the Newton Circuit Court. Thereafter, summons was issued by the Clerk on said day and that said summons came

to the hands of the Sheriff of Marion County on the 2nd day of May, 1960, said date being after the statute of limitations on said cause of action had tolled.

Thereafter, the appellant filed her motion for a new trial, averring, among other items, that the trial court erred in sustaining the defendant's plea in abatement.

The overruling of said motion for new trial is assigned as error.

As we review the record, it appears that there is but one question presented for our consideration, and that is: When was this cause of action commenced?

It is the appellant's contention in this appeal that the cause of action commenced when it was filed with the Clerk of the Newton Circuit Court and the summons issued by said Clerk was deposited in the mail.

It is the appellee's contention that said cause of action did not commence until the summons was in the hands of the Sheriff of Marion County, to whom said summons was mailed.

In reviewing the applicable statutes, we find that the legislature has provided for the commencement of actions as follows:

"A civil action shall be commenced by filing in the office of the clerk a complaint, and causing a summons to issue thereon; and the action shall be deemed to be commenced from the time of issuing the summons. . . ." Burns', 1946 Repl. § 2-802.

The statute seems to be clear and unequivocal that an action is deemed commenced from the time of issuance of summons. The apparent difficulty arises by reason of judicial construction of this statute as applied to particular circumstances.

The general question of when an action is deemed to have commenced has been discussed in a number of Indiana cases.

Authority can be found generally as to certain classes of cases stating that the action commences when summons is

issued and that a summons has not issued until it is delivered to the proper officer for serving. See § 70, Flanagan, Indiana Pleading and Procedure, p. 126.

However, a search of the several Indiana cases does not give a clear definition of what constitutes delivery to the proper officer so as to toll the statute of limitations.

The facts of the instant case raise the question as to whether there is necessity that a summons be physically delivered to the person of the sheriff himself or other proper officer for service. Counsel for appellee in the instant case urge that the case law of Indiana requires that the summons must be placed in the hands of the sheriff or other officer for service. Difficulty arises in interpreting exactly what is meant by delivery to the hands of the sheriff. Does it mean physically searching out the elected sheriff and physically placing the summons into his hands; does it mean delivering it to a duly authorized deputy with powers of the sheriff; does it mean delivering it to the clerk or secretary without powers of the sheriff in his office; does it mean action of the clerk after issuance of summons in parting with the summons by delivery in the United States mail addressed to the sheriff, the contention advanced by the appellant herein?

In reviewing the authorities, we find the most recent case construing the statute on this subject was interpreted and determined in *Vercillo* v. *Saksa* (1955), 131 F. Sup. 739. The opinion recites the following facts in substance: the Clerk of the court at Hammond received the complaint on October 15, 1954. A summons was prepared and signed by the Clerk on the same day. The custom was for the clerk to mail summonses to the United States Marshal at South Bend immediately upon their "issuance." The court presumed such mailing. The marshal's return shows that he received the summons on the 18th day of October, 1954, and that it was served on the defendant the following day. The cause of action accrued on the 16th day of October, 1952.

In the case at bar it appears that the Clerk of the Newton Circuit Court received the complaint on the 29th day of April, 1960. A summons was prepared and signed by the clerk on the same day and mailed to the Sheriff of Marion County. The sheriff's return shows that he received the summons on the 2nd day of May, 1960, and that it was served on the 7th day of May, 1960.

The cause in the case at bar accrued on the 30th day of April, 1958.

It is thus apparent that the case at bar and the Vercillo case, *supra,* present identical facts with regard to the expiration date of the statute of limitations falling between the time the complaint was filed, summons prepared and mailed to the proper officer and the date the officer actually received the summons.

In the Vercillo case, *supra,* the Federal District Court noted the language in *Hancock* v. *Ritchie* (1858), 11 Ind. 48, the earliest Indiana case on this subject, and quotes the following:

> " 'The statement in the record that the writ *issued,* does not, we think imply that it was placed in the hands of the sheriff for service. It might have been delivered by the clerk to the plaintiff or his attorneys; but the inference is, that it remained in the clerk's office, as he copies it into the record. We are of the opinion that a delivery of the writ to the sheriff for service, or something *equivalent to such delivery,* was necessary, in order that the action might be deemed to have been commenced.' " (131 F. Sup. 741).

The court also quoted from *Burdick* v. *Green,* 18 Johns., N. Y. 14, which quote reads, in part, as follows:

> " 'We do not think it is indispensably necessary in such cases, to prove an actual delivery of the writ to the sheriff; provided it be shown that it was actually made out and sent to the sheriff or his deputy by mail, or otherwise, with a bona fide and absolute intention of having it served.' " (131 F. Sup. 741)

In § 11.2, p. 296, Lowe's Revision, Vol. I, Works' Indiana Practice, we find the following statement:

"The filing of the complaint alone is not the commencement of the action, nor is the issuing of summons without a complaint being filed sufficient. There must be a complaint filed first and a summons issued before the action is commenced. And the summons is not issued until it is placed in the hands of the sheriff for service."

As authority for this statement, the following cases are cited: *State ex rel. Busick* v. *Ewing* (1951), 230 Ind. 188, 102 N. E. 2d 370; *State ex rel. Hurd* v. *Davis* (1948), 226 Ind. 526, 82 N. E. 2d 82; *Metropolitan Life Ins. Co.* v. *Armstrong* (1932) (T. D. 1933), 96 Ind. App. 268, 181 N. E. 292; *Coffey* v. *Myers* (1882), 84 Ind. 105; *Alexandria Gas Co.* v. *Irish* (1899), 152 Ind. 535, 53 N. E. 762; *The Charlestown School Township* v. *Hay* (1881), 74 Ind. 127; *Tucker* v. *Tucker* (1924), 194 Ind. 108, 142 N. E. 11; *Marshall* v. *Matson* (1908), 171 Ind. 238, 86 N. E. 339; *Moore-Mansfield, etc., Co.* v. *Indianapolis, etc., R. Co.* (1913), 179 Ind. 356, 101 N. E. 296.

From an analysis of the cases above cited, it does not appear that either this court or our Supreme Court has had occasion to consider a set of facts similar to the facts in the instant case. It appears the facts in the Vercillo v. Saksa case, *supra*, in which the Federal District Court interpreted the Indiana law are on the precise point raised in the instant case. The cases which contain the statement that an action commences when summons is issued and that a summons is not issued until it is delivered to the proper officer for serving, do not define what constitutes delivery to the proper officer for serving. The early case of Hancock v. Ritchie, *supra*, uses the language that, "We are of the opinion that a delivery of the writ to the sheriff for service, *or something equivalent to such delivery,* was necessary, in order that the action might be deemed to have been commenced." (Our emphasis)

The statute unequivocally states that the action is commenced from the time of issuance of summons. The references to delivery to the sheriff or proper officer for serving relate for the most part to situations where the summons was never delivered to the sheriff, for example, where a receiver was appointed before there was an action on the part of the clerk whatsoever to deliver the summons to the sheriff prior to the time a receiver was appointed and similar special situations when there was a total lack of delivery of a summons by the clerk in those cases. However, when dealing with a situation of the statute of limitations where the rights of a party are cut off and where the action required to be taken after the filing of a complaint and the issuance of a summons is a ministerial act by the clerk and not the party, and where the clerk puts the summons beyond his control by the mailing within the period of the statute of limitations of the summons directed to the sheriff, under such circumstances, we do not believe that the actual receipt by the sheriff is necessary to constitute an issuance of a summons by the clerk as defined by the statute. It is our opinion that the issuance of a summons really relates to the preparation thereof and the separation thereof from the clerk as part of the process of delivery to the sheriff. The actual receipt by the sheriff is not necessary to constitute an issuance of a summons by the clerk.

We are of the opinion, after a consideration of the particular circumstances involved in the previous decisions cited herein, which have caused some confusion but which are clearly distinguishable from the case at bar, that where, as in the instant case, the clerk has parted with the summons by putting the same beyond his control by mailing within the period of the statute of limitations the summons directed to the sheriff that such action constituted the commencement of appellant's action on the 29th day of April, 1960, and within the period of the statute of limitations.

For the reasons given herein, the trial court erred in sustaining the appellee's answer in abatement. The cause is, therefore, reversed, with instructions to overrule appellee's answer in abatement and for further proceedings not inconsistent herewith.

Carson, J., Ryan, J., Faulconer, P. J., concur.

NOTE.—Reported in 199 N. E. 2d 716.