**STATE of Indiana on the Relation of Roger D. LONG, Relator,**

v.

**The MARION SUPERIOR COURT CIVIL DIVISION, Room Number 5 and The Honorable Michael T. Dugan, as Judge Thereof and The Honorable Jerald L. Miller, as Judge Pro Tempore Thereof, Respondents.**

No. 1280S452.

Supreme Court of Indiana.

March 27, 1981.

Charles B. Huppert and Daniel B. Altman, Huppert & Altman, Scott Ging, Indianapolis, for appellant.

Lante K. Earnest and Bruce A. Walker, Klineman, Rose & Wolf, Indianapolis, for appellee.

PRENTICE, Justice.

This matter is before us upon the return of the Respondents, Marion Superior Court, Civil Division, Room Number 5, and The Honorable Michael T. Dugan, as Judge Thereof, to the alternative writ issued December 22, 1980, prohibiting the exercise of further jurisdiction in that certain cause pending in Respondent Court entitled "In Re The Marriage of Betty J. Long and Roger D. Long," being Cause No. S 580

1418 in said Court and mandating said Court to strike certain orders therein or, alternatively, to show cause why said alternative writ should not be made permanent.

The proceeding requires us to resolve a conflict of jurisdiction between the Respondent Court and the Hamilton Superior Court, a dissolution of marriage action having been filed by the Relator in the Hamilton Superior Court on November 10, 1980, and another by his spouse, later on the same day, in the Respondent Court. The Relator was served process from the Respondent Court, however, prior to the time that service of process from the Hamilton Superior Court was had upon his wife.

Our decision is determined by Ind.R.Tr.P. 3, which provides:

"A civil action is commenced by filing a complaint with the court or such equivalent pleading or document as may be specified by statute."

While Indiana does not appear to have had a case in point decided since the implementation of our trial rules adopted in 1969, the similarity between our Rule above quoted and Federal Rule of Civil Procedure 3 makes Federal law most compelling.

■ In adopting the rule, we effectively adopted the Federal Rule. Civil Code Study Commission Comments, 1 Harvey, Indiana Practice, Rules of Procedure Annotated 256 (1969); and in so doing, we adopted the construction which the Federal Courts have placed upon the rule. *See Clark v. The Jeffersonville, etc. Railroad Company,* (1873) 44 Ind. 248; *Robertson v. Ford,* (1905) 164 Ind. 538, 74 N.E. 1; *Eberhart v. Abshire,* (7 Cir., 1946) 158 F.2d 24; 1 Harvey, Indiana Practice, Rules of Procedure Annotated 256 (1969).

■ We hold that exclusive jurisdiction over the particular cause of action vests when the complaint or other equivalent pleading or document as provided by Ind.R. Tr.P. 3 is filed. *See Barber-Greene Company v. Blaw Knox Company,* (6th Cir. 1956) 239 F.2d 774, 778 (cases cited therein) (construing Fed.R.Civ.P. 3). *See also Penn General Casualty Company v. Pennsylvania,*

(1935) 294 U.S. 189, 196, 55 S.Ct. 386, 389, 79 L.Ed. 850, 856 (Jurisdiction attaches in *in rem* proceeding on the filing of a bill of complaint).

Respondents point out that our holding contradicts language which appears in numerous cases dealing with conflicts of jurisdiction. *State ex rel Ferger v. Circuit Court of Marion County, et al.*, (1949) 227 Ind. 212, 215, 84 N.E. 585, 587; *State ex rel. Poindexter v. Reeves, Judge, et al.*, (1952) 230 Ind. 645, 654, 104 N.E.2d 735, 739; *State ex rel. American Fletcher National Bank v. Daugherty, Judge*, (1972) 258 Ind. 632, 634–35, 283 N.E.2d 526, 528. In those cases we did speak of jurisdiction becoming exclusive when a court acquired jurisdiction of the person as well as the subject matter. It must be noted, however, that two of those cases pre-date the adoption of our current trial rules, and none operated to deny jurisdiction to the court wherein the complaint had been first filed.

■ When there are courts having concurrent subject matter jurisdiction, it is inevitable that there will sometimes be "races to the courthouse" by would-be litigants. The Clerk's Office is a logical "finish line," as termination at that point will, in many cases, avert useless proceedings. Indiana Rules Trial Procedure 3 accomplishes that end.[1]

The alternative writ is now made absolute and permanent.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.

---

1. "Additionally two actions may be commenced involving the same dispute. This Rule would determine which of the two commenced first, regardless of when the summons is filed. For example, if A and B file suits against each other, which suits involve the same claim, and A files his complaint one day before B files his complaint, A's suit will be the first suit to commence under Rule 3, even if B's service is first effected or is made before A's service." 1 Harvey, Indiana Practice, Rules of Procedure Annotated 256 (1969).