James **BEDREE**, Appellant
(Defendant Below),

v.

**SANDLER & SANDLER**, Appellee
(Plaintiff Below).

No. 3–581A124.

Court of Appeals of Indiana,
Third District.

Oct. 13, 1981.

Rehearing Denied Dec. 14, 1981.

Raymond L. Balogh, Jr., Elkhart, for appellant.

HOFFMAN, Presiding Judge.

This is an appeal from the granting of a motion for summary judgment in the Small Claims Division of the Allen Superior Court,

Allen County, Indiana. James Bedree contacted the law firm of Sandler & Sandler for legal advice concerning certain cemetery plots and a legal malpractice claim. On April 29, 1980 the firm filed a complaint to recover $415 for legal services rendered. On November 21, 1980 the trial court granted Sandler's motion for summary judgment against Bedree for $415 plus costs.

Bedree raises the following issues on appeal:

(1) whether there was a genuine issue as to any material fact; and

(2) whether the motion for summary judgment can be used in the small claims court.

It should be noted at the outset that the law firm of Sandler & Sandler failed to favor this Court with a brief in this cause. Therefore, Bedree need only demonstrate prima facie reversible error in order to prevail. *Costanzi v. Ryan* (1978), Ind.App., 370 N.E.2d 1333.

Trial Rule 1 of the Indiana Rules of Procedure provides:

### "SCOPE OF THE RULES

Except as otherwise provided, these rules govern the procedure and practice in all courts of the state of Indiana in all suits of a civil nature whether cognizable as cases at law, in equity, or of statutory origin. They shall be construed to secure the just, speedy and inexpensive determination of every action."

The Small Claims Division of the Allen Superior Court is a court of the State of Indiana; thus provisions for summary judgments are applicable to it.

Nothing in the Indiana Rules for Small Claims prohibits either party from filing a motion for summary judgment or the trial court from ruling on such a motion. Bedree argues that Small Claims Rule 8 is such a prohibition. However, Small Claims Rule 8 concerns itself with the informality of the actual hearing or trial.

Until a change is made in the Indiana Rules of Procedure, motions for summary judgments may be granted in small claims court actions. The granting of a summary judgment, however, is only proper when there is no genuine issue of material fact. *Shoaf v. City of Lafayette* (1981), Ind.App., 421 N.E.2d 1168.

The issue of whether a genuine issue as to any material fact existed in the cause before us, however, was not preserved for review on appeal in Bedree's motion to correct errors. Thus, it is waived. *Martincich v. City of Hammond* (1981), Ind.App., 419 N.E.2d 240.

Having found no reversible error, the judgment of the trial court is affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.