Rebecca **BOOSTROM**, Appellant–Plaintiff,

v.

Stephen **BACH**, Appellee–Defendant.

No. 82A04–9008–CV–372.

Court of Appeals of Indiana, Fourth District.

April 6, 1992.

Rebecca Boostrom, pro se.

Stephen Bach, pro se.

CHEZEM, Judge.

### Case Summary

Plaintiff–Appellant, Rebecca Boostrom, appeals from the summary judgment granted for Defendant–Appellant, Stephen Bach. We reverse and remand.

### Issue

Boostrom presents three issues for our review; however, because we reverse, we only need to address the following:

Did the trial court err when it refused to order that the Complaint, which was not accompanied by a filing fee, be file-marked the date of its certified mailing?

### Facts and Procedural History

On January 12, 1990, Boostrom sent her Complaint against attorney Stephen Bach by certified mail to the Vanderburgh Small Claims Court. The Complaint alleged legal malpractice and breach of contract. Bach had previously represented Boostrom;

however, he withdrew from representing her on January 19, 1988.

The Clerk did not file the Complaint on January 12, 1990 because Boostrom failed to enclose the $30 filing fee. Instead, the Clerk sent a letter to Boostrom on January 17, 1990, stating "[w]e must have a $60.00 Money Order for these (2) Small Claims cases." Thereafter, Boostrom sent the filing fees to the Clerk, and the Complaint was file-marked "February 5, 1990."

On April 24, 1990, Bach filed his Motion for Summary Judgment, alleging in part that Boostrom failed to file the Complaint within the two year statute of limitations. Boostrom then filed her Motion to Correct Minutes, alleging the Complaint should have been file-marked on the date of certified mailing, or January 12, 1990. She attached thereto copies of the certified mail receipt, proposed minute entry, and Clerk letter of January 17, 1990.

The trial court held a hearing on both motions on June 4, 1990.[1] At the conclusion of the hearing, the court held:

Okay, I'll make a determination on that date. Show that the Motion to Correct Minutes is denied; that the filing— the record will reflect that Mrs. Boostrom has had numerous contacts with the Clerk's Office with reference to previous filings in this County and is well aware of the rules requiring a filing fee; that she has stated that no filing fee was filed whatsoever and the January 12th date does not go into effect because even though it was mailed by certified mail, it still was not perfected because there was no filing fee included. Therefore, the Court determines that the filing date was the date of the second mailing, which falls outside of the statute of limitations which tolled and ended on January 12th, 1990. Mr. Bach, you have a Motion for Summary Judgment based upon [the] failure to perfect filing in the suit within the necessary statute of limitations. We'll show the Motion for Summary Judgment is granted and that takes care of the case.

---

1. Both parties mischaracterize the nature of this hearing. On March 13, 1990, the trial court clearly stated that all other motions "to be filed" were set for hearing on June 4, 1990.

### Discussion and Decision

Boostrom argues that "the lower court errored [sic] by law in denying the Motion to Correct Minutes of the file-mark date of the [C]omplaint, which was file-marked the date of late payment of the filing fee, instead of the date of certified mail filing of the [C]omplaint." We agree.

█ Of course, the law is well-established that a complaint is considered "filed" on the date it is sent by certified mail. As noted in Indiana Trial Rule 5(E)(2):

(E) *Filing With the Court Defined.* The filing of pleadings and papers with the court as required by these rules shall be made by one of the following methods:

\*   \*   \*   \*   \*   \*

(2) Mailing the papers to the clerk by registered or certified mail return receipt requested;

\*   \*   \*   \*   \*   \*

Filing by registered or certified mail shall be complete upon mailing.

Further, a complaint is a "pleading" or "paper" subject to the filing provisions of T.R. 5(E)(2). *Chalmers v. Estate of Market* (1979), Ind.App., 397 N.E.2d 636, 637. A complaint is "filed" for limitations purposes when it is properly mailed in accordance with T.R. 5(E)(2). *Id.* We have also stated that "any and all filings may be accomplished by mailing the matters to be filed to the clerk of the court by registered or certified mail, return receipt requested, and the filing is accomplished upon deposit in the mail." *Seastrom, Inc. v. Amick Construction Co., Inc.* (1974), 159 Ind.App. 266, 306 N.E.2d 125, 127.

█ Here, the Complaint should have been file-marked the date it was sent by certified mail—January 12, 1990. There is no statute, rule or case law stating that filing fees must be paid in small claims courts before complaints will be filed. Indeed, the pertinent statute is silent in this respect:

*Small claims costs fee.*

(a) Except as provided under subsection (b), for each small claims action the clerk shall collect from the party filing the action a small claims costs fee of thirty dollars ($30).

Ind.Code § 33–19–5–5.

Moreover, while there are no cases directly on point, we find to be instructive the case of *Brady v. Eastern Indiana Production Credit Association* (1978), Ind., 396 N.E.2d 335. There, the record for the appeal was timely filed, but the filing fee was late. Consequently, the appeal was dismissed. On transfer, the dismissal was reversed by the Indiana Supreme Court, which stated as follows:

It is hereby directed that the case of *Brady v. Eastern Indiana Production Credit Assoc.* (1977), Ind.App., 360 N.E.2d 1267, be remanded to the Court of Appeals for consideration of the merits.

This Court finds the reasoning of the dissent more in line with our stated policy to reach the merits of a case whenever possible. Additionally, this Court relies on the case of *Peters et al. v. Poor Sisters of Saint Francis Seraph of the Perpetual Adoration Society, Inc.* (1971), 257 Ind. 360, 274 N.E.2d 530, wherein this Court, under the former transfer filing fee statute, held the untimely receipt of the fee by the Clerk was not grounds for dismissal where the petition to transfer was timely filed. Thus, in applying the reasoning of *Peters, supra,* to this case we believe the untimely payment and receipt of the filing fee should not be grounds for automatic dismissal where the record is timely filed, as here.

*Brady,* 396 N.E.2d at 335 [citations omitted].

We also note that our decision here is supported by case law in other jurisdictions. In *Rodgers on Behalf of Jones v. Bowen* (11th Cir.1986), 790 F.2d 1550, 1552, the Eleventh Circuit Court of Appeals stated:

We therefore hold that a complaint is 'filed' for statute of limitations purposes when it is 'in the actual or constructive possession of the clerk,' regardless of the

untimely payment of the required filing fee.

\* \* \* \* \* \*

Nevertheless, the severe sanction of dismissal should be imposed 'only in the face of a clear record of delay or contumacious conduct by the plaintiff.'

[Citations omitted.]

In *Matter of Estate of Crane* (1976), 15 Wash.App. 161, 548 P.2d 585, 586, the Washington Court of Appeals stated:

> The sole issue [here] is whether timely payment of the superior court clerk's filing fee is a jurisdictional requirement for commencement of a will contest. We hold that it is not and reverse the trial court's order dismissing the petition to revoke the will of Edna Crane.

In *Hanks v. Floyd* (1977), 51 Ill.App.3d 1048, 10 Ill.Dec. 95, 96, 367 N.E.2d 483, 484, the Illinois Court of Appeals stated:

> The sole issue to be decided is whether payment in advance of the filing fee is a condition precedent to the 'filing of a complaint,' for the effect of the trial court's order of dismissal was to hold that it is. Although by statute the fees of the clerk of the circuit court 'shall be paid in advance,' this language has been interpreted to be merely directory, not mandatory. In *Elles v. Industrial Comm.* (1940), 375 Ill. 107, 30 N.E.2d 615, the plaintiff sought to appeal a decision of the Industrial Commission to the circuit court. However, the plaintiff did not pay the filing fee. The clerk of the circuit court filed the action even though a statute provided that fees of the clerk 'shall be paid in advance.' The supreme court held that the statute was merely directory to the clerk and that the failure to pay the filing fee did not deprive the circuit court of jurisdiction.

\* \* \* \* \* \*

Accordingly, the order of dismissal of complaint is reversed, and the cause is remanded for further proceedings.

 In the present case, the court acquired jurisdiction when the Complaint was sent by certified mail to the Clerk on January 12, 1990. The Clerk then properly notified Boostrom that she had failed to enclose or pay the required filing fee. Boostrom then paid the fee on February 5, 1990. The Complaint should have been file-marked "January 12, 1990." [2]

Reversed and remanded.

MILLER and GARRARD, JJ., concurring.

---

**2.** We recognize the additional bookkeeping and administrative burdens this decision may impose upon court clerks. Nevertheless, in cases where filing fees are not paid, we suggest the clerk notify the trial court so the case may be held in abeyance until the required sum is paid. We note the trial court may order that the filing fee be paid before proceeding in the matter. If a party fails to comply, the court may then impose the sanction of dismissal.