Rebecca **BOOSTROM**, Appellant–Plaintiff,

v.

Stephen **BACH**, Appellee–Defendant.

No. 82A04–9008–CV–372.

Court of Appeals of Indiana,
Fourth District.

Nov. 23, 1992.

Rebecca Boostrom, pro se appellant.

Stephen Bach, Bach Law Offices, pro se appellee.

## ON PETITIONS FOR REHEARING

CHEZEM, Judge.

Defendant–Appellee, Stephen Bach ("Bach"), contends that we erred in our published opinion reversing the trial court's entry of summary judgment granted in his favor. *See, Boostrom v. Bach* (1992), Ind. App., 589 N.E.2d 275. In particular, he argues that statutory law requires prepayment of filing fees in small claims cases; that there was no competent or admissible evidence submitted in opposition to his summary judgment motion; and there was a complete failure of proof as to the damage element of the legal malpractice claim brought by Plaintiff–Appellant, Rebecca Bosotrom ("Boostrom").

### I

Bach first argues that "[our] opinion incorrectly decided that there is no statute stating that filing fees in small claims courts are to be paid before complaints will be filed." He cites, on rehearing, different statutes than he relied upon in his initial appeal to this Court. Bach now cites Ind. Code § 33–11.6–4–15 (which he concedes does not apply to the small claims court involved in this case), which states in part that "[t]he docket fee and the cost for the initial service of process shall be paid upon the institution of each case." He thus concludes that our opinion is "in direct conflict with the intent of the legislature." We disagree.

This newly cited statute requires fees to be paid upon the "institution" of the case. In this respect, "institution" means at the

start of or commencement of an action. *See, Black's Law Dictionary* (5th ed. 1979). Bach erroneously interprets the word "institution" as meaning "prepayment." We note that "prepayment" means to pay in advance, not at the start or commencement of an action. *Id.*

■ Furthermore, this statute does *not* state that the fees must be paid before the complaint will be filed. Thus, we once again note that there is no statute stating that fees must be paid in advance before complaints will be deemed "filed." In addition, we are not persuaded by the other statutes cited by Bach.

## II

Bach next argues "[t]here was no competent, admissible evidence submitted by Rebecca Boostrom in opposition to the Motion for Summary Judgment." In particular, he argues:

> On May 11, 1990, Boostrom filed a Motion to Correct Minutes requesting that her Complaint be file-stamped on January 12, 1990, instead of February 5, 1990. This Motion to Correct Minutes was not a verified motion. It was not sworn to in any way. The exhibits attached to the Motion to Correct Minutes were also not authenticated or sworn to in any way, and Boostrom was not under oath on June 4, 1990, when the court heard both motions. This Court could therefore not consider this inadmissible evidence.

The parties in this case were in small claims court. Thus, the proceedings were informal, and the parties were not bound to follow the rules of evidence. As stated in Indiana Small Claims Rule 8(A):

> The trial shall be informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law, and shall not be bound by the statutory provisions or rules of practice, procedure, pleadings or evidence except provisions relating to privileged communications and offers of compromise.

■ Bach makes the argument that, while the rules of evidence may not be binding at a trial in small claims court, the rules *are* binding at a summary judgment hearing in small claims court. We disagree. We have indicated previously that Rule 8(A) may apply to summary judgment proceedings in small claims courts. *Bedree v. Sandler & Sandler* (1981), Ind.App., 426 N.E.2d 707. In *Bedree*, while discussing whether summary judgments were appropriate in small claims actions, this Court stated that "Small Claims Rule 8 concerns itself with the informality of the actual hearing or trial." *Id.*

Furthermore, the rules clearly state that parties should be able to represent themselves in small claims courts. As noted in I.C. § 33–11.6–4–6, "a simplified procedure shall be established by rule to enable any person to file the necessary papers and present his case in court either to seek or to defend against a small claim without consulting or being represented by an attorney." This very purpose would be defeated by requiring a *formal* summary judgment hearing at which the parties were bound by, and required to follow, the rules of evidence. Indeed, applying the rules of evidence at summary judgment but not at trial would create an opportunity for those represented by counsel to take advantage of those who are not.

■ Accordingly, we disagree with Bach's contention that there is no competent or admissible evidence in the record opposing his summary judgment motion. Boostrom's exhibits included copies of receipts for certified mail indicating the Complaint was sent to the small claims court and Bach on January 12, 1990; a copy of a proposed minute entry stating that Boostrom filed her Complaint on January 12, 1990; a copy of a letter, dated January 17, 1990, from the clerk (Betty K. Smith) and deputy (Virginia L. Seybold) to Boostrom indicating that they needed $60 in filing fees from Boostrom; a copy of the envelope which had contained the clerk's letter to Boostrom, dated January 17, 1990. This admissible evidence supported the decision we originally rendered in this case.

## III

Bach next argues that we should have nevertheless affirmed the summary judgment on his alternative theory that there was a complete failure of proof as to the damage element of the legal malpractice claim. In particular, he argues:

Bach presented uncontroverted evidence that the withdrawal of his representation of Boostrom was accomplished without adverse effect to her. He therefore negated an essential element of the cause of action for attorney malpractice—damage.

Bach withdrew his representation of Boostrom citing Rule of Professional Conduct 1.16(b), which states in part that "a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client." The trial court allowed the withdrawal, finding no adverse effect on Boostrom.

The mere fact that an attorney can withdraw his representation without adverse effect on his client does *not* also establish that there has been no legal malpractice. For instance, a lawyer can withdraw during the discovery phase of a breach of contract case (without adverse effect on his client), and yet have committed malpractice by failing to timely plead or file (within the statute of limitations) his client's additional claim for negligence against the defendant.

Moreover, the small claims court never addressed the damage issue at the summary judgment hearing because it determined that the case was barred by the statute of limitations. Boostrom was unable to present any argument or evidence on the damage issue because the court granted Bach's summary judgment motion after hearing arguments only as to the statute of limitations issue. The court never reached the damage issue.

Petition denied.

## IV

We next address Boostrom's Petition for Rehearing and Motion to Correct Error on the Motion for Consolidation ("Boostrom's Petition"), and Bach's Motion to Strike [Boostrom's Petition].

Boostrom argues that we abused our discretion in denying her request for consolidation on March 30, 1992, and the trial court likewise abused its discretion in denying her request for consolidation filed in the case of *Boostrom v. Sheets.* Boostrom states that "[we] might want to give an opinion in [sic] rehearing that the decision for consolidation should be made in the lower court" and that we should "order the lower court to hold an evidentiary hearing" on consolidation.

We note the arguments and authorities cited by the parties, and hereby deny Boostrom's Petition.

MILLER and GARRARD, JJ., concur.