Rebecca BOOSTROM, Appellant
(Plaintiff Below),

v.

Stephen BACH, Appellee
(Defendant Below).

No. 82S04–9310–CV–1177.

Supreme Court of Indiana.

Oct. 26, 1993.

Rebecca Boostrom, pro se.

Stephen Bach, Mt. Vernon, William H. Vobach and Todd J. Kaiser, Indianapolis, for appellee.

ON PETITION TO TRANSFER

SHEPARD, Chief Justice.

We grant transfer to consider whether the statute of limitations is tolled when a complaint is tendered to the clerk, but the prescribed filing fee is not. We hold that it continues to run. Appellant Rebecca Boostrom attempted to commence an action in small claims court against her former attorney Stephen Bach on January 12, 1990, the same day the statute of limitations was to run on her right of action. Boostrom mailed her complaint to the clerk of the Vanderburgh Superior Court by certified U.S. Mail return receipt requested. She did not include the small claims filing fee. When Boostrom's complaint was received, the clerk did not file-mark it. Instead, the clerk dispatched a letter to Boostrom on January 17th informing her of the need to remit the fee. Boostrom complied on February 5th, and her complaint was file-marked as of that date.

Defendant Bach moved for summary judgment, arguing among other things that Boostrom's action was barred by the statute of limitations. Boostrom responded with a "Motion to Correct Minutes" whereby she sought to have her complaint marked as having been filed on January 12th rather than on February 5th. The trial court denied Boostrom's motion, adjudged her action barred by the statute of limitations, and entered summary judgment for Bach on that ground. The Court of Appeals reversed, holding that an action commences for statute of limitations purposes when the complaint is tendered to the court in accordance with the filing requirements of Ind.Trial Rule 5(E). *Boostrom v. Bach* (1992), Ind.App., 589 N.E.2d 275, *on reh'g*, 603 N.E.2d 867. We disagree.

The applicable statute of limitations, Ind. Code Ann. § 34–1–2–2 (West 1983), dictates that after a cause of action has accrued, an action must be commenced within the period therein prescribed and not afterwards. Under Ind.Small Claims Rule 2(A), a small claims action is commenced "by the filing of an unverified notice of claim in a court of competent jurisdiction." This language tracks that of T.R. 3, which provides: "A civil action is commenced by filing a complaint with the court or such equivalent pleading or document as may be specified by statute." Accordingly, whether or not Boostrom's action is saved depends on

whether her notice was "filed" within the prescribed period. We therefore must determine when a notice is filed under S.C.R. 2(A).

Boostrom argues that the answer to this question is found in T.R. 5(E). The Indiana Trial Rules govern small claims proceedings to the extent that they are not inconsistent with the Small Claims rules. *Muenich v. Gulden* (1991), Ind.App., 579 N.E.2d 665. Trial Rule 5(E), entitled "Filing With the Court Defined," provides that the "filing of pleadings, motions, and other papers with the court as required by these rules" may be made by mailing to the clerk via registered or certified mail return receipt requested, and that filings so made "shall be complete upon mailing." Boostrom argues that this rule, read in conjunction with S.C.R. 2(A), leads to the conclusion that a small claims action is commenced when a notice of claim is mailed to the clerk.

This view misapprehends the significance of T.R. 5(E), which only defines *how* a required filing may be made. Thus, while the Court of Appeals was correct in saying that the filing of a notice of claim may occur by certified mail return receipt requested and that the filing is complete upon mailing, it does not necessarily follow that an action is commenced by mailing only the notice.

Boostrom's attempt to bolster her position by drawing an analogy to our holding in *Brady v. Eastern Ind. Prod. Credit Ass'n* (1978), Ind., 396 N.E.2d 335, is not well taken. In *Brady* we held that the failure to tender the requisite fee did not deprive the Court of Appeals of jurisdiction to hear an appeal where the record was timely filed. This holding was grounded on the belief that appeals ought be disposed of on the merits whenever possible, *Brady*, 396 N.E.2d at 335, and that there are numerous methods by which to enforce effectively the payment of filing fees other than

by couching such enforcement in jurisdictional terms. *Id.; Brady v. Eastern Ind. Prod. Credit Ass'n* (1977), Ind.App., 360 N.E.2d 1267, 1269 (Sullivan, J., dissenting). Hinging commencement of an action under T.R. 3 to the payment of filing fees is one such method. Moreover, this Court's desire to dispose of appeals on the merits whenever possible does not displace the legislative policy which undergirds the statute of limitations.

The *Brady* court rightly concluded that prepayment of the appellate filing fee was neither required by the statute then controlling[1] nor central to accomplishing the objectives of the rules which govern submission of appeals. Those rules exist to facilitate the orderly presentation and disposition of appeals and prevent the confusing and awkward situation of having the trial and appellate courts simultaneously review the correctness of a judgment. *Coulson v. Indiana & Michigan Elec. Co.* (1984), Ind., 471 N.E.2d 278. The filing of a praecipe and subsequent presentation of the record fully safeguard these interests. On the other hand, the statute of limitations exists not only to spare courts from stale claims, *Matter of M.D.H.* (1982), Ind. App., 437 N.E.2d 119, but also "to insure that parties are given formal and seasonable notice that a claim is being asserted against them." *State ex rel. Young v. Noble Circuit Court* (1975), 263 Ind. 353, 359, 332 N.E.2d 99, 103.

Tendering the prescribed court costs fee is relevant as to this latter objective. *Cf.* Ind.Code Ann. § 33–19–3–5 (West Supp. 1992) (costs fee include cost of initiating service of process). Therefore, while we agree that "the filing of the complaint will toll the statute of limitations," Civil Code Study Commission, Comments to Trial Rule 3, *reprinted in* 1 William F. Harvey, *Indiana Practice* 60 (2d ed. 1987), we also conclude that a notice of claim or complaint is not "filed" unless the filing of the fee

---

1. The controlling statute in the case at bar, Ind.Code Ann. § 33–19–5–5 (West Supp.1992) provides that "for each small claims action the clerk shall collect from the party filing the action a small claims costs fee of thirty dollars

($30)." We agree with the Court of Appeals that neither this provisions nor the raft of other statutes cited by the parties is dispositive of the issue before us.

and the notice/complaint have occurred by any of the means permitted by T.R. 5(E).

Such an approach is consistent with the modern notion that the commencement of an action occurs when the plaintiff presents the clerk with the documents necessary for commencement of suit. *See State ex rel. Long v. Marion Super. Ct.* (1981), 275 Ind. 533, 418 N.E.2d 218. Former practice dated commencement from the day the sheriff received the summons for service. *Marshall v. Matson* (1908), 171 Ind. 238, 86 N.E. 339; *see also Jensen v. Fagan* (1964), 138 Ind.App. 679, 685, 199 N.E.2d 716, 719 (statute of limitations not tolled until clerk prepares and has "parted with the summons" by mailing it to sheriff). The former rule was abandoned out of concern over the "significant amount of time" which could elapse between the completion of all the plaintiff's tasks which were necessary for the commencement of an action and the preparation of the summons by the clerk. *See* Civil Code Study Commission, *supra.* Payment of the filing fee, unlike issuance of summons by the clerk, is wholly in the hands of the plaintiff.[2]

The Court of Appeals observed that Boostrom's position is supported by the case law of other jurisdictions including some interpretations of Fed.R.Civ.P. 3.[3] Federal precedent upon this question was unsettled at the time we adopted T.R. 3, however, and continues to be so. *See* 2 James W. Moore et al., *Moore's Federal Practice* para. 3.04, 3–16 & nn. 5–6 (2d ed. 1993). Moreover, the principal Supreme Court opinion relied upon by those federal cases in accord with the Court of Appeals is *Parissi v. Telechron, Inc.*, 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 867 (1955) (per curiam). Like *Brady*, that opinion turned on perfecting an appeal and is, we think, equally distinguishable. Finally, we note that our holding today is consistent with that of other jurisdictions which have borrowed from Fed.R.Civ.P. 3. *See, e.g., Mace v. Centel Business Sys.*, 549 So.2d 70 (Ala. 1989).

### Conclusion

The filing of Boostrom's small claims fee did not occur until after limitations period had run. As such, her complaint was not filed within the prescribed period and is barred.

The order entering summary judgment in favor of defendant Bach is affirmed.

DeBRULER and DICKSON, JJ., concur.

KRAHULIK, J., concurs in result.

GIVAN, J., dissents with separate opinion.

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion in this case. I do not agree that the rules cited by the majority require the paying of a filing fee in order to constitute a filing within the statute of limitations. I believe the Court of Appeals opinion reported at *Boostrom v. Bach* (1992), Ind.App., 589 N.E.2d 275, *on reh'g*, 603 N.E.2d 867, is correct in stating: "[T]here is no statute stating that fees must be paid in advance before complaints will be deemed 'filed.'" *Id.* at 869.

I would deny transfer in this case.

---

2. The plaintiff, of course, controls the presentation of all the documents necessary to commencement of a suit: the complaint, the summons, and the fee. Boostrom used a standard pre-printed small claims form, which contains the complaint and the summons on a single page. She thus filed two of the three items necessary to commencement of her action.

3. *Rodgers on Behalf of Jones v. Bowen,* 790 F.2d 1550 (11th Cir.1986); *see also Johnson v. Brown,* 803 F.Supp. 1414 (N.D.Ind.1992).