Lana K. OXLEY and Leon A. Oxley,
Appellants–Plaintiffs,

v.

Vicki S. MATILLO, Appellee–
Defendant.

No. 32A05–0011–CV–501.

Court of Appeals of Indiana.

May 25, 2001.

Christian M. Lenn, Raibley & Lenn, LLP, Jon K. Aarstad, Evansville, IN, Attorneys for Appellants.

Patrick J. Dietrick, Brizzi Collignon & Dietrick, P.C., Indianapolis, IN, Attorney for Appellee.

## OPINION

BAKER, Judge.

Appellants-plaintiffs Lana K. Oxley and Leon A. Oxley (Oxleys) appeal the trial court's dismissal of their tort action against appellee-defendant Vicki S. Matillo. Specifically, the Oxleys contend that the filing of their complaint tolled the statute of limitations even though they never tendered a summons to Matillo.

### FACTS

The undisputed facts are that on April 28, 1998, the Oxleys and Matillo were involved in an automobile accident. On April 25, 2000, the Oxleys filed a complaint against Matillo but did not tender a summons. According to the record, the Oxleys have never tendered a summons. Matillo subsequently filed a motion to dismiss for failure to state a claim and, in the alternative, a motion for summary judgment. Matillo argued that the Oxleys' failure to tender a summons before the statute of limitations tolled was a bar to the action. After a hearing on the matter, the trial court granted the Matillo's motion to dismiss. The Oxleys now appeal.

### DISCUSSION AND DECISION

The Oxleys contend that their filing of the complaint tolled the statute of limitations, even though they did not tender a summons. Under Indiana law, an action for injury to a person or property "must be commenced within two (2) years after the cause of action accrues." IND.CODE § 34–11–2–4. We note that a split of authority exists among the panels of this court regarding what steps a plaintiff must take to commence an action. The controversy centers on the extension of our supreme court's decision in *Boostrom v. Bach*, 622 N.E.2d 175 (Ind.1993), *cert. denied*, 513 U.S. 928, 115 S.Ct. 318, 130 L.Ed.2d 279 (1994).

In *Boostrom*, the court dealt with a plaintiff's failure to tender a filing fee when she filed a "notice of complaint," which is the analogue to the "complaint"

under Indiana Trial Rules, in small claims court. She filed the notice of complaint within the limitations period but tendered a filing fee after the limitations period had run. The *Boostrom* court noted that the applicable rule for filing in small claims court—Ind. Small Claims Rule 2(A)—"tracks" that of Ind. Trial Rule 3. *Id.* at 175. Our supreme court also reasoned:

> The plaintiff, of course, controls the presentation of all documents necessary to commencement of a suit: the complaint, the summons, and the fee. Boostrom used a standard pre-printed small claims form, which contains the complaint and the summons on a single page. She thus filed two of the three items necessary to commencement of her action.

*Boostrom,* 622 N.E.2d at 177 n. 2. In the end, the *Boostrom* court determined that absent the filing fee the plaintiff's action was not commenced within the limitations period and, thus, was properly dismissed by the trial court. *Id.* at 177.

In *Fort Wayne International Airport v. Wilburn,* a divided panel of this court relied on *Boostrom* in a case where the plaintiff failed to tender the summons before the limitations period had expired. 723 N.E.2d 967, 969 (Ind.Ct.App.2000), *trans. denied.* There, a plaintiff filed a complaint the day before the limitations period expired but did not tender a summons until days after the limitations period expired. The *Wilburn* majority held that a summons, along with a complaint and a filing fee, must be tendered to commence a civil action tolling the statute of limitations. *Id.* On the other hand, the author of this opinion dissented, reasoning that the plain text of T.R. 3 does not demand that a summons be issued to commence an action. *Id.* (Baker, J., dissenting).

Another divided panel of this court recently held that filing the complaint is the one necessary step in commencing a civil action. *Ray–Hayes v. Heinamann,* 743 N.E.2d 777 (Ind.Ct.App.2001). The *Ray–Hayes* court relied on the plain language of T.R. 3, which provides: "A civil action is commenced by filing a complaint with the court or such equivalent pleading or document as may be specified by statute." Thus, despite the plaintiff's failure to file the summons before the limitations period expired, we held that filing the complaint was sufficient to toll the statute of limitations. *Id.* at 779–780. In so holding, the *Ray–Hayes* court limited *Boostrom* to its own facts. *Id.*

We find the reasoning of *Ray–Hayes* persuasive and view the Oxleys filing of their complaint as commencing their civil action under T.R. 3. Their filing of the complaint and filing fee, tolled the statute of limitations. With our ruling, we note the conflict between the plain text of T.R. 3 and the Supreme Court's *dictum* in *Boostrom.* By our supreme court's own command: "In appellate opinions, statements not necessary in the determination of the issues presented are *obiter dictum.* They are not binding and do not·become the law." *Koske v. Townsend Eng'g Co.,* 551 N.E.2d 437, 443 (Ind.1990) (citing *Szilagyi v. State ex rel. La Porte Cmty. Sch. Corp.,* 249 Ind. 400, 410, 233 N.E.2d 181, 183 (1968)). As a result, T.R. 3—not the *dictum* of *Boostrom*—binds us.

Judgment reversed and remanded for further proceedings consistent with this opinion.

BAILEY, J., and MATHIAS, J., concur.