**FOR PUBLICATION**



**FILED**

Apr 04 2012, 9:16 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**C. STUART CARTER**
The Law Office of C. Stuart Carter
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**JEFFREY D. HAWKINS**
**BETH A. SCHENBERG**
**CRYSTAL G. ROWE**
Kightlingher & Gray, LLP
Indianapolis and New Albany, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| MELANIE WEBSTER, | ) |
| | ) |
| Appellant-Plaintiff, | ) |
| | ) |
| vs. | )   No. 55A01-1110-CT-442 |
| | ) |
| WALGREEN CO., | ) |
| | ) |
| Appellee-Defendant. | ) |

APPEAL FROM THE MORGAN SUPERIOR COURT
The Honorable Jane Spencer Craney, Judge
Cause No. 55D03-1012-CT-471

**April 4, 2012**

**OPINION - FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Melanie Webster filed a complaint against Walgreen Co. by certified mail. Her first attempt at mailing the complaint was returned due to insufficient postage. By the time Webster resent and filed the complaint, the statute of limitations had run. Webster filed a motion to amend the filing date of her complaint to the date that she had originally sent the complaint, which was within the statute of limitations. The trial court denied the motion and thereafter granted Walgreen judgment on the pleadings because the complaint was untimely. Webster appeals the denial of her motion to amend the filing date. We conclude that "mailing" for purposes of the Indiana Trial Rules requires the sender to affix sufficient postage. Therefore, Webster's complaint was not filed until her second attempt at mailing and was untimely. We affirm the judgment of the trial court.

**Facts and Procedural History**

Webster's complaint alleges that on December 17, 2008, she slipped and fell at Walgreen's Mooresville store due to Walgreen's negligent failure to remove ice and snow from the sidewalk. On December 13, 2010, Webster's attorney, C. Stuart Carter, placed the complaint, summons, appearance, and filing fee in an envelope, which he weighed himself. Carter's postage scale indicated that the envelope weighed six ounces. Carter used Stamps.com to determine that the appropriate amount of postage to send the envelope by certified mail was $6.83. Carter printed the stamp and deposited the envelope in the mail.

The postal service apparently reweighed the envelope and determined that it weighed slightly more than six ounces and that there was $.17 postage due. The postal service

2

delivered the envelope to the clerk of the Morgan County Courts on December 14, 2010, and the clerk declined to pay the postage due.[1] The envelope was returned to Carter on December 21, 2010, a few days after the two-year statute of limitations had run. Without opening the envelope, Carter reweighed it. His scale still read six ounces, but he decided to print a stamp for eight ounces to give himself a margin of error. Carter placed the new stamp on the envelope and resent it on December 21. The clerk received it the next day and stamped the complaint filed on December 22, 2010.

On December 30, 2010, Webster filed a motion to amend the filing date to December 13, the date it had initially been sent by certified mail. Walgreen filed an objection to Webster's motion, and Webster filed a reply. Webster attached several exhibits to the reply, including a printout of the postal service's track and confirm records for the envelope and an affidavit from Carter explaining the actions that he had taken to file the complaint. After a hearing on March 4, 2011, the trial court denied Webster's motion.

Thereafter, Walgreen filed a motion for judgment on the pleadings, asserting that the complaint had been filed outside the statute of limitations. Webster did not dispute that with a filing date of December 22, 2010, the complaint was untimely. Therefore, on September 6, 2011, the trial court granted Walgreen's motion for judgment on the pleadings. Webster now appeals the court's underlying ruling denying her motion to amend the filing date.

---

[1] Carter also made a slight error in the clerk's address; nevertheless, the postal service was still able to deliver it to the clerk the following day. Because the erroneous address did not affect the timing of the filing of the complaint, we decline to address Walgreen's arguments to the extent that they concern the erroneous address.

**Discussion and Decision**

As a preliminary matter, we address Walgreen's argument that Webster has waived review of the March 4, 2011 order denying her motion to amend the filing date. Walgreen notes that Webster identified the September 6, 2011 judgment on the pleadings as the appealed order in her notice of appeal and amended appellant's case summary. Further, Walgreen notes that Webster included the September 6 order in her brief and appendix, but not the March 4 order. Thus, Walgreen argues that Webster has not appealed the March 4 order and cannot challenge the September 6 order because she did not oppose it in the trial court.

Webster's arguments on appeal are clearly addressed to the March 4 order and not the September 6 order. There is no requirement that an interlocutory appeal be taken; a party may elect to wait until the end of litigation and raise the issue on appeal from the final judgment. *Georgos v. Jackson*, 790 N.E.2d 448, 452 (Ind. 2003). Furthermore, we have previously declined to find waiver of review of an interlocutory order based on the failure to include it in the notice of appeal. *See Newman v. Jewish Cmty. Ctr. Ass'n of Indianapolis*, 875 N.E.2d 729, 734 (Ind. Ct. App. 2008) (on appeal from final judgment, plaintiff challenged interlocutory order dismissing some of the defendants, but did not attach that order to her notice of appeal; we declined to find that review of the interlocutory order had been waived), *trans. denied*.

Webster should have included the March 4 order in her appendix. *See* Ind. Appellate Rule 50(A)(2) (appellant's appendix shall contain "the appealed judgment or order" and any

document "necessary for resolution of the issues raised on appeal"). Nevertheless, her failure to do so has not hindered us from conducting our review. The trial court made no findings of fact or conclusions thereon, and the fact that the trial court denied the motion to amend the filing date is not in dispute. The transcript and the chronological case summary both reflect that the motion was denied, and Walgreen has included the order in its appellee's appendix. We conclude that Webster is appealing the March 4 order and that there is a sufficient record for us to review that order; therefore, we decline to find waiver.

Our decision turns on the interpretation of the Trial Rules; therefore, our review is de novo. *See Gulf Stream Coach, Inc. v. Cronin*, 903 N.E.2d 109, 111 (Ind. Ct. App. 2009) (interpretation of the Trial Rules presents a legal question to be reviewed de novo). Webster argues that her complaint was filed in compliance with Trial Rule 5(F), which states in relevant part:

> The filing of pleadings, motions, and other papers with the court as required by these rules shall be made by one of the following methods:
> …
> (3)  Mailing to the clerk by registered, certified or express mail return receipt requested;
> …
> Filing by registered or certified mail and by third-party commercial carrier shall be complete upon mailing or deposit[.]

Webster argues that a straightforward reading of this rule indicates that her complaint was filed on December 13, 2010, when it was first placed in the mail.

Walgreen argues that a pleading has not been "mailed" unless it has adequate postage. In support, Walgreen cites *Comer v. Gohil*, 664 N.E.2d 389 (Ind. Ct. App. 1996), *trans. denied*. In *Comer*, the plaintiff placed a medical malpractice complaint in the mail shortly

before the expiration of the statute of limitations. The postage was insufficient, and the complaint was returned to the plaintiff after the Department of Insurance declined to pay the postage due. By the time the plaintiff had resent the complaint, the statute of limitations had run.

The trial court held that the complaint was untimely filed, and we affirmed on appeal. Citing Indiana Code Section 27-12-7-3 (now Indiana Code Section 34-18-7-3(b)), we stated that a "proposed medical malpractice complaint is considered filed *when mailed* by certified mail to the Commissioner of the Department of Insurance." *Comer*, 664 N.E.2d at 391. We noted that "affixing a sufficient amount of postage to the envelope was a matter wholly in [the plaintiff's] hands," and concluded that mailing the complaint with insufficient postage did not result in the complaint being filed. *Id*. at 392.

In support of its holding, *Comer* cited *Boostrom v. Bach*, 622 N.E.2d 175 (Ind. 1993), *cert. denied*. In *Boostrom*, the plaintiff mailed a small claims complaint by certified mail on day the statute of limitations was to run, but did not include the filing fee. The clerk received the complaint, but did not file it until the fee was paid. Our supreme court ruled that the complaint was not filed until the fee was paid. *Id*. at 176-77. In reaching this conclusion, the court noted that payment of the filing fee "is wholly in the hands of the plaintiff," *id*. at 177, and that the court's "desire to dispose of appeals on the merits whenever possible does not displace the legislative policy which undergirds the statute of limitations," that is, to spare courts from stale claims and insure that parties are given seasonable notice that a claim is being asserted against them. *Id*. at 176.

6

Webster argues that *Comer* and *Boostrom* are not on point; the decision in *Comer* was based on interpretation of the Medical Malpractice Act, and *Boostrom* was a small claims case and did not turn on when the complaint was mailed. Nevertheless, we find the rationale of *Comer* and *Boostrom* persuasive. The language in the Medical Malpractice Act that was interpreted in *Comer* is similar to the language of Trial Rule 5. Adequate postage is necessary for effective mailing, and it is in a matter within the plaintiff's control. In this case, Carter could have taken the envelope to the post office instead of relying on his own scale. Alternatively, if he had checked the track and confirm records online, he could have seen that it was rejected by the clerk and still would have had a few days to resend the complaint.

Webster has presented us with no authority suggesting that sending a complaint with insufficient postage constitutes "mailing" for purposes of Trial Rule 5. Nor has she shown that public policy favors allowing her case to proceed. Our supreme court held in *Boostrom* that the policy of deciding cases on the merits whenever possible is outweighed by the legislative policy underpinning statutes of limitation. *Id.* Although the result is harsh in this case, Webster has not persuaded us that the text of Trial Rule 5 or public policy favor amending the filing date of her complaint. Therefore, we affirm the judgment of the trial court.

Affirmed.

VAIDIK, J., and BRADFORD, J., concur.