BROWN, Judge,
concurring in result.
I concur in the result reached by Judge Kirsch that the court’s grant of summary judgment should be reversed, but I do so for different reasons. As Judge Kirsch notes, this case arises from a proposed complaint filed before a medical review panel, rather than from a complaint filed in a trial court, and thus the outcome is dictated by the Medical Malpractice Act (“MMA”). Chapter 7 of the MMA, titled “Statute of Limitations,” contains three sections including Ind.Code § 34-18-7-3, titled “Tolling of statute of limitations; filing of proposed complaint,” which provides in relevant part that “[a] proposed complaint under IC 34-18-8 is considered filed when a copy of the proposed complaint is delivered or mailed by registered or certified mail to the commissioner.” I.C. 34-18 — 7—3(b) (emphasis added). Thus, for purposes of the statute of limitations, a proposed complaint under the MMA is filed when it has been delivered or mailed by registered or certified mail to the commissioner.
Indeed, a plain reading of the relevant sections of the MMA demonstrate that, although paying filing and processing fees is necessary to bring an action under the MMA, it does not bear on the tolling statute under Chapter 7. Ind.Code § 34-18-8-2, the fees section, is contained in Chapter 8 of the MMA, titled “Commencement of a Medical Malpractice Action,” and states that “[t]he following fees must accompany each proposed complaint filed.” (Emphasis added). Thus, in harmonizing Section 2 with Ind.Code § 34-18-7-3(b), one can only conclude that a proposed complaint is filed when it has been delivered or mailed by registered or certified mail to the commissioner, and that there are fees which must accompany the proposed complaint in order to commence the action. See Burd Mgmt., LLC v. State, 831 N.E.2d 104, 108 (Ind.2005) (“So long as two statutes can be read in harmony with one another, we presume that the Legislature intended for them both to have effect.”).
Although I agree with Judge Kirsch that existing precedent governing statutes of limitation is not controlling with regard to a proposed complaint filed under the MMA, an examination of the Indiana Supreme Court’s decision in Boostrom v. Bach, 622 N.E.2d 175 (Ind.1993), illustrates how the statute of limitations under the MMA is different. In Boostrom, the applicable statute of limitations, Ind.Code § 34-1-2-2,[10] dictated that “after a cause *100 of action has accrued, an action must be commenced within the period therein prescribed and not afterwards.” 622 N.E.2d at 175 (emphasis added). Boostrom argued that Ind. Trial Rule 5(E), which provided “that the ‘filing of pleadings, motions, and other papers with the court as required by these rules’ may be made by mailing to the clerk via registered or certified mail return receipt requested, [ ] that filings so made ‘shall be complete upon mailing,’ ” and that “this rule, read in conjunction with S.C.R. 2(A), leads to the conclusion that a small claims action is commenced when a notice of claim is mailed to the clerk.” Id. at 176. The Court held that “[t]his view misapprehends the significance of T.R. 5(E), which only defines how a required filing may be made” and that “it does not necessarily follow that an action is commenced by mailing only the notice.” Id. (emphasis added).
Here, as explained above, Ind.Code § 34-18-7-3(b) contains no such language about having “commenced” an action in order to toll the statute of limitations and instead provides that “[a] proposed complaint under IC 34-18-8 is considered filed when a copy of the proposed complaint is delivered or mailed by registered or certified mail to the commissioner.” (Emphasis added). Thus, under the MMA, filing the proposed complaint by delivering or mailing by registered or certified mail, by itself, tolls the statute of limitations. To that end, there is no dispute that on March 18, 2008, over two weeks prior to the limitations period expiring, the Millers’ attorney mailed the proposed complaint by certified mail to the Department. Thus, under Ind.Code § 34-18-7-3(b), the limitations period was tolled beginning on that date. Also, pursuant to Ind.Code § 34-18-8-2 the Millers still owed $7 in filing and processing fees in order to commence their medical malpractice action which they satisfied in short order. To the extent that the Department changed the filing date to April 7, 2008, following the receipt of the $7 filing fee, I find that such a change is immaterial for statute of limitations purposes.

. Ind.Code § 34-1-2-2 was repealed by-Pub.L. No. 1-1998, § 221.2