VAIDIK, Judge,
dissenting.
I respectfully dissent from both Judge Kirsch’s and Judge Brown’s interpretations of the Medical Malpractice Act. I believe that the statute is clear and that a proposed medical malpractice complaint is not considered filed until the filing and processing fees are paid. Our Supreme Court precedent also requires such a result. Because the Millers’ filing and processing fees were paid after the statute of limitation expired, I would affirm the trial court’s grant of summary judgment in favor of the Defendants.
Our Supreme Court has created several bright lines in the law. Statutes of limitation and filing fees are two of them. That is, filing a complaint outside the applicable statute of limitation, even by one day, or failing to include the filing fee with a complaint can lead to the dismissal of the complaint. Statutes of limitation exist to spare courts from stale claims and to ensure that parties are given formal and seasonable notice that a claim is being asserted against them. Boostrom v. Bach, 622 N.E.2d 175, 176 (Ind.1993), reh’g denied. Tendering court costs is also relevant to this objective. Id. Failing to include sufficient postage on an envelope can lead to the dismissal of the complaint as well. Webster v. Walgreen Co., 966 N.E.2d 689 (Ind.Ct.App.2012), trans. denied; see also Comer v. Gohil, 664 N.E.2d 389, 391-92 (Ind.Ct.App.1996) (the plaintiff did not include sufficient postage for her proposed medical malpractice complaint, and by the time the plaintiff resent it, the statute of limitation had expired; this Court held *101 that the plaintiffs action was “time-barred”), trans. denied. I believe that the same bright line applies to filing and processing fees for a proposed complaint in the context of the Medical Malpractice Act.
Indiana Code section 34 — 18—T—3(b) provides that a proposed complaint is considered filed when “a copy of the proposed complaint is delivered or mailed by registered or certified mail to the commissioner.” Indiana Code section 34-18-8-2 provides that a filing fee of $5.00 plus a processing fee of $2.00 for each additional defendant after the first defendant “must accompany each proposed complaint filed.” Despite the straightforward language used by our legislature, both of my colleagues strain to interpret the statute.
Judge Kirsch creates a new test. That is, he finds that if a plaintiff delivers or mails a proposed complaint to the Department but the proposed complaint does not contain the required filing and processing fees, the court can treat the proposed complaint as filed and issue a show-cause notice to the plaintiff that the proposed complaint will be dismissed unless the fees are paid “in short order.” Op. at 98. I believe that this in-short-order test is too subjective and fraught with problems. Although in this case the $7.00 fee was received 3 days after the statute of limitation expired, where is the line drawn in other cases? 10 days? 30 days? $17.00? $105.00? Additionally, Judge Kirsch places the burden of ensuring that filing and processing fees are paid not on the plaintiff but on the Department and the trial court. That is, he requires the Department to file the complaint and advise the trial court that costs have not been paid so the trial court can issue a show-cause order. To be sure, to a certain extent, the Department, as every clerk’s office does, serves as the gatekeeper or enforcer of filing and processing fees by not allowing a case to be filed before fees are paid.[11] But to require trial courts and the Department to file show-cause orders to ensure that filing and processing fees are paid goes too far in my opinion. Instead, the burden of timely paying such fees should remain on attorneys.
Likewise, I respectfully disagree with Judge Brown’s concurring-in-result opinion. She distinguishes tolling a statute of limitation from commencing an action and believes that a statute of limitation can be tolled before an action is commenced.[12] The purpose of a statute of limitation is to notify a party that a claim has been asserted. It is axiomatic that a claim not commenced is a claim not asserted. Thus, an action must be commenced before the statute of limitation is tolled. Additionally, if filing and processing fees are not paid, then there is no processing, including no notice to the party sued. Under Judge Brown’s interpretation, a complaint could sit dormant in the Department’s office for years “not commenced” and yet the statute of limitation would be tolled. Since notice to the sued party and sparing courts from stale claims are the reasoning behind statutes of limitation, this interpretation of the statute would defeat the very purpose of the limitations period.
The Medical Malpractice Act spells out that a proposed complaint must be accompanied by filing and processing fees, and so does the Department’s website. See Ind. Dep’t of Ins., Medical Malpractice: *102 Filing a Complaint, http://www.in.gov/idoi/ 2614.htm (last visited Aug. 21, 2012) (“A proposed complaint is filed when a copy is delivered or mailed by registered or certified mail to the Department with the required filing and processing fees. If an insufficient filing fee is submitted, the proposed/amended complaint will not be considered filed until the date the appropriate fees are received.”). We should expect a minimum level of competence from the attorneys who practice in this State, and this minimum level of competence includes knowing that the filing and processing fees must be included with a proposed complaint in order for it to be considered filed.
I get it. It is hard to punish the plaintiff for the errors of her attorney. But, although the remedy is less than perfect, the plaintiff is not without one. This is the quintessential case of bad facts that create bad law. Our Supreme Court and legislature have created a bright line with regard to statutes of limitation and payment of filing and processing fees. We have bright lines in the law for a reason: they bring certainty to the law. Because a proposed complaint is not considered filed until the filing and processing fees are paid and the Millers’ filing and processing fees were paid after the statute of limitation expired, I would affirm the trial court’s grant of summary judgment in favor of the Defendants.

. Here, the Department sent a letter to the Millers’ attorney that the fees needed to be sent before the statute of limitation expired, giving the attorney an opportunity to correct his error. He did not do so.

. To toll is to stop the running of a time period. Black’s Law Dictionary 1525 (8th ed. 1999).