SZILAGYI ET AL v. STATE EX REL. LA PORTE COMMUNITY SCHOOL CORPORATION.

[No. 31,157. Filed October 31, 1967. Rehearing denied January 18, 1968.]

*Bowen Myers Northam & Givan,* of Indianapolis, for appellants.

*Newby, Lewis & Kaminski, Daniel E. Lewis, Jr.,* and *Leon R. Kaminski,* all of La Porte, for appellee.

MOTE, J.—This appeal, as *Raymond LeRoy, et al.,* Appellants v. *State Commission for the Reorganization of School Corporations of the State of Indiana, et al,* Appellees, No. 30908, also before this Court and being decided contemporaneously herewith, Ind., 231 N. E. 2d 212 likewise involves the LaPorte Community School Corporation, LaPorte County, Indiana. We are holding in the *LeRoy* Case that the Administrative Adjudication and Court Review Act of 1947 (Burns' Ind. Stat. Anno. § 63-3001 et seq.) is not applicable to school reorganization under the Acts of 1959 (Burns' Ind. Stat. 1966 Cum. Supp. § 28-6101 et seq.) ; hence, disposition of the major, if not the only, significant question in this appeal is predicated upon what we said and decided in *LeRoy* and adversely to the Appellants herein.

Separate actions were commenced below by the Appellee herein against the Trustee of Pleasant Township and against the Trustee of Washington Township, both in LaPorte County, Indiana, in which Appellee sought an order in each instance mandating the defendants therein (Appellants herein), after consolidation of the two separate actions for trial and appeal, to transfer to Appellee, a newly reorganized school corporation, "all powers, duties, property rights, other assets, liabilities and contracts of the respective two school townships".

After various and divers pleadings and motions filed in the trial court and after consolidation for trial of the issues presented by the pleadings, trial was had to the court, without a

jury, after which the trial court made and entered its findings; omitting the formal parts, they were as follows:

"This cause having heretofore been submitted to the Court for trial without the intervention of a Jury, and the Court having heard the evidence and argument of counsel, and the same having been taken under advisement, and being sufficiently advised in the premises, DOES NOW FIND for the Plaintiff, and against the Defendant on Plaintiff's Amended Complaint, that the allegations of Plaintiff's Amended Complaint are true, and that the prayer of Plaintiff's Amended Complaint ought to be granted. The Court FURTHER FINDS that the Plaintiff is entitled to an order requiring the Defendant to transfer, set over and deliver to the Plaintiff all powers, duties, property rights, other assets, liabilities, contracts both as to rights and obligations, and all else connected with the transfer of authority from Pleasant School Township, LaPorte County, Indiana, to LaPorte Community School Corporation including, but not limited to, the following enumerated items, to-wit:

(1.) All cash, bank accounts, dues and credits held or received for school purposes as of June 30, 1964, and any cash, bank accounts, dues and credits received for school purposes thereafter;

(2.) All certificates or other evidence of title to motor vehicles, including chassis and body, and to all other equipment or personal property of any kind used in the operation and/or maintenance of schools and school property in Pleasant Township, LaPorte County, Indiana;

(3.) All equipment, school furnishings or personal property of any kind used in the operation and/or maintenance of schools and school property in Pleasant Township, LaPorte County, Indiana;

(5.) Real property acquired in the name of The School Township of Pleasant for school purposes of LaPorte County, Indiana, or School Township of Pleasant, LaPorte County, Indiana, or Pleasant School Township of LaPorte County, Indiana, to be transferred by deed, together with all evidence of title thereto in possession of the Defendant, Elmer Szilagyi, as Trustee of Pleasant Township of LaPorte County, Indiana.

IT IS, THEREFORE, CONSIDERED, ORDERED, ADJUDGED AND DECREED that the Defendant, Elmer Szilagyi, as Trustee of Pleasant Township, LaPorte County,

Indiana, on or before the first day of December, 1965, shall transfer, set over and deliver to the Plaintiff, LaPorte Community School Corporation, at the offices of the Plaintiff, all powers, duties, property rights, other assets, liabilities, contracts both as to rights and obligations, and all else connected with the transfer of authority from Pleasant School Township, LaPorte County, Indiana, to LaPorte Community School Corporation, including, but not limited to the following enumerated items, to-wit:

(1.) All cash, bank accounts, dues and credits held or received for school purposes as of June 30, 1964, and any cash, bank accounts, dues and credits received for school purposes thereafter;

(2.) All certificates or other evidence of title to motor vehicles, including chassis and body, and to all other equipment or personal property of any kind used in the operation and/or maintenance of schools and school property in Pleasant Township, LaPorte County, Indiana;

(3.) All books, records, contracts, documents and papers of any nature pertaining to the schools of and/or located in Pleasant Township, LaPorte County, Indiana;

(4.) All equipment, school furnishings or personal property of any kind used in the operation and/or maintenance of schools and school property in Pleasant Township, LaPorte County, Indiana;

(5.) Real property acquired in the name of The School Township of Pleasant for school purposes of LaPorte County, Indiana, or School Township of Pleasant, LaPorte County, Indiana, or Pleasant School Township of LaPorte County, Indiana, to be transferred by deed, together with all evidence of title thereto in possession of the Defendant, Elmer Szilagyi, as Trustee of Pleasant Township of LaPorte County, Indiana.

IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED that the Plaintiff shall have and recover all of its costs in this action laid out and expended and that all costs accruing in this action be and the same are hereby taxed to the Defendant.

Dated this 15th day of November, 1965.

/s/ Gene B. Lee

Gene B. Lee, Special Judge
Starke Circuit Court"

A consolidated motion for a new trial was filed and overruled. Omitting the formal parts thereof, Appellants assign herein as error, the following:

"The appellants aver that there is manifest error in the judgement and proceedings in this cause which is prejudicial to appellants in this:
1. The Court erred in overruling appellant's motion for new trial in Starke Circuit Court Cause No. 64-262 consolidated herein.
2. The Court erred in overruling appellant's motion for new trial in Starke Circuit Court Cause No. 64-263 consolidated herein."

The specifications of error above set forth have the same application inasmuch as they refer to the two separate actions filed in the trial court. It will be observed that such specifications do not enlighten this Court concerning the asserted causes or reasons specified in the motion for new trial upon which Appellants seek to rely.

We think it is not essential to set forth herein a concise statement of the evidence. Suffice to say, we think, the evidence fully supports the findings and judgment and does not in any way indicate other than an obtuse attitude toward orderly administration of school affairs upon the part of Appellants.

Appellants contend that the Appellee, LaPorte Community School Corporation, "was not properly organized under the laws of the State of Indiana, under the decisions of the Supreme and Appellate Courts relating thereto; that there is now pending in the Supreme Court of Indiana in cause No. 30908 (Raymond LeRoy, et al v. State Commission for the Reorganization of School Corporations of the State of Indiana, et al, transferred to this Court by the 1967 statutory mandate) which is an appeal from a judgment in judicial review, which asserted the grounds, which judgment in the Trial Court were that the State Commission for the Reorganization of School Corporations is not subject to judicial review under

the law, that such case is pending and undecided, that under the evidence of this cause, the record in the present cause now pending in the Appellate Court (likewise transferred to this Court by the 1967 statutory mandate) shows that an election was held for the establishment of a metropolitan school corporation under the laws and carried by a substantial majority voting, that the State Commission for the Reorganization of School Corporations has taken such cause under advisement and it is now pending and undecided; that included within the area of the LaPorte Community Schools, the areas herein (Pleasant and Washington Townships) are areas that were included later in the plan which included the Reorganization of LaPorte Community Schools as a school corporation."

The record reveals that said Metropolitan School plan, after receiving a majority vote approval and being submitted to the State Committee, was not approved. On the other hand, the three (3) unit plan finally approved by the County Committee and which lead to submission to the State Commission for approval of the LaPorte Community School Corporation encompassed other territory, and both Pleasant and Washington Townships, the Trustees of which are Appellants herein.

As above stated, the decision in the *LeRoy* Case, referred to as the cause pending on appeal seeking reversal of the trial court wherein is raised the question as to whether the provisions of the Administrative Adjudication and Court Review Act applied to the procedures under the 1959 Act concerning school reorganizations is now settled, see: 249 Ind. 383, 231 N. E. 2d 212. It is adverse to Appellants' contention and henceforth the question may be regarded as laid at rest.

Appellants also attack the valid corporate existence of Appellee. First, the question is not properly presented and is therefore waived. Second, the decision reached in the *LeRoy* Case, *supra,* should allay any qualms in this respect. Third, it properly may be said that Appellee cor-

poration, by virtue of said Act of 1959 did come into lawful existence at midnight June 30, 1964, and then and thereafter, as the evidence fully shows, it was entitled to the transfer to it of the property described in Appellee's complaint. To set forth the detailed evidence in support of the finding and decision of the trial court would extend this opinion beyond reasonable propriety. We think it may be said that the findings and decision can be sustained as a matter of law.

Appellants' assertions with regard to violation of the Hughes Anti-Secrecy Act, § 57-601 et seq., Burns' Ind. Stat. Anno., when the County Committee held a closed executive meeting at the home of the chairman, Dr. G. O. Larson, in order to discuss and consider the problems confronting the said Committee, are not inpressive. We think any well operated business may suggest the holding of such meetings in the interest of quietly and thoughtfully deliberating as well as speculating on problems at hand and the solution thereof. Furthermore, there is no provision in the Act itself which in any manner detracts from the accomplishments of such meeting.

Lastly, we are of the opinion that the maxims of equity have no thrust against Appellee and its proceedings. Such assertions that Appellee has violated the well known principles or maxims of equity are found to have no evidenciary support in the record. On the other hand, we are of the opinion and so state that the record herein discloses fair, dedicated and devoted services of citizens discharging their civic duty and responsibilities, without hope of financial reward.

Judgment affirmed.

Jackson and Lewis, JJ. concur; Arterburn, J. dissents without opinion; Hunter, C.J. dissents with opinion to follow.

## ON PETITION FOR REHEARING

MOTE J.—First we shall dispose of the Appellants' Petition for Rehearing. We find in said Petition, and brief in support

thereof, largely an extension of their argument on appeal heretofore found, and again found, to be without merit. As a matter of fact, Appellants' entire appeal then and now is based upon off-center remarks, inapplicable principles of law and their own interpretations of the evidence; for example, their insistence that the Administrative Adjudication and Court Review Act applies to the State Commission on School Reorganization.

The School Corporation Reorganization Act (Acts 1959, ch. 202 § 2, p. 451, § 28-6101 et seq. Burns' Ind. Stat. Anno., 1967 Cum. Supp.) directly provides for court review of any decision either at the county or state level by aggrieved parties. Section 28-6116 (2) of Burns' Ind. Stat. Anno., 1967 Cum. Supp. provides:

"Any party feeling aggrieved by the decision of the state commission, after the hearing provided for in section 6 [§ 28-6115] of this act, may appeal within thirty [30] days from such decision to the court of competent jurisdiction in the respective county on any question of adjustment of property, debts and liabilities among the school corporations involved. Notice of the appeal shall be given to the chairman or secretary of the county committee ten [10] days before same is filed with the court. The court shall have power to determine the constitutionality and the equity of the adjustment or adjustments proposed, and to direct the county committee to alter such adjustment or adjustments found by the court to be inequitable or violative of any provision of the constitution of the state or of the United States. An appeal may be taken to the appellate court of the state in accordance with the rules of civil procedure of the state of Indiana.

Any determination by the court with respect to the adjustment of property, debts and liabilities among the school corporations or areas involved shall not otherwise affect the validity of the reorganization or creation of any school corporation or corporations under the provisions of this Act. [Acts 1959, ch. 202, § 8, p. 451.]"

Having legislated upon the subject and having provided only for a court review and adjustment of property, debts and liabilities, and that the validity of the reorganization or cre-

ation of any school corporation shall not otherwise be affected, it should be crystal clear that our determination that the provisions of the Administrative Adjudication and Court Review Act do not apply to the case at bar.

It ought to be quite as clear, we think, that if there is any application of the Hughes Anti-Secrecy Act (Acts 1953, ch. 115, § 1, p. 427, §57-601, et seq. Burns' Ind. Stat. Anno.) to the case at bar, Appellants can assert no advantage thereof and cannot rely upon its provisions for the very simple reason that such advantage is not provided to them. It is true that the language of the Act does in fact enjoin secret meetings of administrative bodies and agencies of the State and of its political subdivisions, of which the LaPorte County Community Committee then was one. However, as pertains to Appellants, the Act provides no redress. One who violates the Act, as set forth in Section 1 (§ 57-601 Burns') thereof, shall be guilty òf a misdemeanor and shall, upon conviction thereof, be fined not less than $500.00, to which may be added imprisonment in the county jail for a term not to exceed thirty days.

It normally should follow, by our opinion and decision heretofore rendered, that we considered the sustaining of Appellants' demurrer to paragraph 2 of their answer was not erroneous. To satisfy Appellants' objections as expressed in their Petition for Rehearing, and if there is any doubt about the ruling, we now state that the trial court did not err in sustaining the demurrer. We intend to state directly that paragraph 2 of said answer did not allege facts sufficient to constitute a defense as a matter of law. It contained within its framework allegations concerning theories not lawfully acceptable as an answer.

Appellants' Petition for Rehearing is denied.

With reference to the Petition and Brief of Amicus Curiae, we think that what we said in our opinion may be open to

just criticism from its point of view. Its posture is altogether different from the posture of Appellants.

To clarify and perhaps modify what may be the possible implications in what we said, we do not wish to be understood as holding that the LaPorte County Committee is and ■ was not governed by the Hughes Anti-Secrecy Act, *supra*. We think it is, but we observed no provisions of the Act by which Appellants could advance their position in the case at bar. Anything we stated in addition thereto, of course is *obiter dictum* and is not legally binding upon any other than Appellants. What we said was not necessary in the determination of the fundamental question before us does not become the law.

Actually, the question presented by Amicus Curiae was not sufficiently well briefed for this Court to decide it; such question was not and is not now before us. We may say, however, from the record now before us, that there does not appear to have been any secrecy about the fact that the meeting on July 23, 1963, in Doctor Larson's home was to be held. As recorded in the minutes of the Board meeting of July 10, 1963, "the chairman, Dr. G. O. Larson, stated after a discussion of possible reorganization plans that the Committee's next meeting would be in executive session at his home, and that while the press and clerical were invited to attend, the meeting 'is to be off the record'."

It also appears that Richard Slater, a newspaper man, requested permission to attend the meeting, but that permission was refused on that and other occasions as well. It is not clear who refused this permission. The fact is that minutes of the preceding meeting were read and agreed upon and minutes of the meeting of July 24, 1963, were taken and they apparently were read and approved at the next meeting.

It can be said indeed, after study of the minutes of the meeting held on July 24, 1963, that something more than an "executive session" was involved, because the Committee did

more than "talk about" matters; "it acted upon" matters; a motion was made, seconded and voted upon. Doubtless the entire meeting was held to advance their work, the tasks and duties assigned to the Committee. However, we would be hard pressed to find that there was an intention on the part of the members of the Committee wilfully to violate the Hughes Anti-Secrecy Act.

Although "all public proceedings shall be open to any citizen of this state, and every citizen shall, insofar as physical facilities permit, be permitted to observe such proceedings," as provided by Section 4 of the Act, yet nothing in the Act shall "be construed to modify or repeal any existing law, rule or regulation with regard to the holding of executive sessions by an administrative body or agency. Provided, however, that no administrative body or agency shall, under the guise of holding an executive session, conduct public proceedings in such a manner as to defeat the declared policy of this act as set forth in Section 1 hereof."

While we have the opinion that what transpired at the meeting of the LaPorte County Committee for the Reorganization of School Corporations, on July 24, 1963, as recorded by the minutes thereof, was rather insignificant as pertains to the rights of the public, we are constrained to say that anything occurring at the meeting in excess of discussion of attitudes and the views of the members thereof might be regarded as a technical violation of the provisions of the Act, which would permit prosecution by the prosecuting attorney. Certainly, such violation to be determined only by prosecution, in which all the facts and circumstances are presented at trial for a decision, we reiterate, is unavailing to Appellants herein. As to Amicus Curiae, surely it may foster through the prosecuting attorney or the grand jury prosecution for any alleged violations of the Act.

In our opinion, public officials and public bodies, however, should conduct business at hand so that not even the least

stigma should attach to the trust imposed in them. It is not our function, in this proceeding, to comment adversely or otherwise upon the action of Appellee. The question is not before us and it is our intention only to try to clarify what may be considered as improvident or unnecessary remarks in our original opinion.

NOTE.—Reported in 231 N. E. 2d 221. Rehearing denied 233 N. E. 2d 181.

Lewis, C. J. concurs, Jackson, J. concurs in result, Arterburn and Hunter, JJ. dissent without opinion.