# FOR PUBLICATION

ATTORNEY FOR APPELLANTS:

**F. HARRISON GREEN**
Cincinnati, Ohio

ATTORNEYS FOR APPELLEES:

**KARL L. MULVANEY**
**NANA QUAY-SMITH**
Bingham Greenebaum Doll, LLP
Indianapolis, Indiana

**FILED**

Sep 13 2012, 9:24 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

ANN L. MILLER and RICHARD A. MILLER,  )
                                                   )
    Appellants-Plaintiffs,  )
                                                   )
          vs.  )     No. 15A05-1108-CT-431
                                                   )
GLENN L. DOBBS, D.O., and  )
PARTNERS IN HEALTH,  )
                                                   )
    Appellees-Defendants.  )
                                                   )

APPEAL FROM THE DEARBORN SUPERIOR COURT
The Honorable Carl H. Taul, Special Judge
Cause No. 15D02-0803-CT-2

September 13, 2012

**OPINION - FOR PUBLICATION**

**KIRSCH, Judge**

Ann L. Miller ("Ann") and her husband Richard A. Miller ("Richard") (collectively, "the Millers") appeal the trial court's grant of summary judgment in favor of Dr. Glenn L. Dobbs, D.O. ("Dr. Dobbs"), and Partners in Health (collectively, "the Defendants"). The Millers raise several issues, of which we find the following to be dispositive: whether the trial court erred in granting summary judgment in favor of the Defendants based on a finding that the Millers' proposed complaint was not timely filed.

We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

In 2005, Ann was referred to Dr. Dobbs for obstetrical care. Dr. Dobbs practices at Partners in Health in Lawrenceburg, Indiana. During her pregnancy, Ann was diagnosed with gestational hypertension and gestational diabetes, but she was never diagnosed with preeclampsia.[1] On March 20, 2006, Ann gave birth to her fourth child at Dearborn County Hospital. Dr. Dobbs delivered the baby via cesarean section and performed a tubal ligation. Ann's blood pressure was high during early labor, but it normalized once she was given an epidural. Ann's blood pressure postpartum was "stable" and ranged from 130/80 to 165/85. *Appellants' App*. at 17; *see also id.* at 191 (BP ranging from 139/73 to 162/85). Dr. Dobbs discharged Ann "with suspected gestational diabetes not preeclampsia," gave her precautions, but no antihypertensive medications, and instructed her to return for a follow up. *Id.* at 17.

---

[1] Preeclampsia, a condition pregnant women are susceptible to, is marked by three important signs: hypertension (high blood pressure), edema (fluid retention), and proteinuria (protein in the urine). *See Brinkman v. Bueter*, 879 N.E.2d 549, 550 n.1 (Ind. 2008). If preeclampsia is not treated, it may evolve into a more serious condition called eclampsia, which is characterized by convulsions. *Id.* at 551 n.3.

Ann was scheduled to return to Dr. Dobbs's office on Monday, March 27, 2006, for her follow up. However, Dr. Dobbs was out of the office that day attending another delivery, so Ann's appointment was rescheduled for Friday, March 31. This appointment was then rescheduled for Monday, April 3. The record, however, does not reflect who rescheduled this appointment or the reason for the rescheduling.

On the morning of her rescheduled appointment, Richard found Ann unconscious in the bathroom. When the paramedics arrived, Ann was awake but disoriented and had a blood pressure of 220/108. On the way to Dearborn County Hospital, Ann had a seizure. Once at the hospital, a CT scan revealed that Ann had suffered bilateral infarcts, that is, a stroke involving both hemispheres of her brain.[2] According to Ann's medical records, the stroke was "devastating." *Id.* at 17. Ann was transferred to University of Cincinnati Hospital. She suffered permanent injuries from the stroke.

The Millers retained an Indiana-licensed Cincinnati attorney to represent them and obtained Ann's medical records from Dr. Dobbs sometime in March 2007. Approximately one year later, on March 18, 2008, the Millers' attorney mailed a proposed medical-malpractice complaint against the Defendants to the Indiana Department of Insurance ("the Department") via certified mail. This certified mailing occurred approximately two weeks before the statute of limitations was due to expire on

---

[2] Ann was later diagnosed with PRES, or posterior reversal encephalopathy syndrome, a late and very rare complication associated with preeclampsia and eclampsia. *Appellants' App*. at 16.

3

April 4, 2008.[3] *See* Ind. Code § 34-18-7-1(b) ("A claim, whether in contract or tort, may not be brought against a health care provider based upon professional services or health care that was provided or that should have been provided unless the claim is filed within two (2) years after the date of the alleged act, omission, or neglect . . . ."). The mailing included a cover letter, the proposed complaint, and a return envelope, which the Department then used to return a copy of the proposed complaint bearing a file-stamp date of March 18, 2008. The mailing, however, did not include the filing or processing fees that are required for proposed complaints. *See* Ind. Code § 34-18-8-2 ("The following fees *must accompany* each proposed complaint filed: (1) A filing fee of five dollars ($5). (2) A processing fee of two dollars ($2) for each additional defendant after the first defendant." (emphasis added)).

Apparently later discovering the fee error, on March 31, 2008, Stephanie Mosley ("Mosley"), a claims processor at the Department, sent the Millers' attorney a letter stating that the mandatory fees needed to be forwarded within thirty days. The letter instructed, in bold, that "[a] proposed complaint will not be considered filed with the Department until the filing fees stated in IC 34-18-8-2 are received by the Department."

---

[3] Both sides agree that the two-year statute of limitations expired on Friday, April 4, 2008. *See Appellees' Br.* at 22. Dr. Dobbs and Partners in Health explain that, because the day of Ann's stroke, April 3, 2006, does not count when calculating the two-year period, the statute of limitations expired on April 4 and not April 3, 2008. *Id.* (citing Indiana Trial Rule 6(A), which provides that the day of the event from which a designated period of time begins to run is not included in the computation of any statutory time period). We therefore proceed as if the statute of limitations expired on April 4, 2008.

We note that the Millers argued before the trial court that the statute of limitations was extended because Ann's stroke prevented her from recognizing that she had suffered an injury. *Appellees' App.* at 60-73. The trial court rejected this argument, finding that the Millers obtained Ann's medical records approximately thirteen months before the statute of limitations expired, which was a reasonable amount of time to file a complaint. The Millers do not renew this argument in their appellants' brief. To the extent that the Millers attempt to raise this issue (including fraudulent concealment) in their reply brief, they cannot do so. *See* Ind. Appellate Rule 46(C) ("No new issues shall be raised in the reply brief.").

*Appellees' App.* at 37. The letter also included a copy of the Department's proposed-complaint procedures, which also warned that "[a] proposed complaint is considered filed when a copy of the proposed complaint is delivered or mailed by registered or certified mail to the Department *with the required filing and processing fees.* (I.C. 34-18-8-2; I.C. 34-18-9-1)." *Id.* at 38 (emphasis added). The Department's website contains a similar warning. *See* Ind. Dep't of Ins., *Medical Malpractice: Filing a Complaint*, http://www.in.gov/idoi/2614.htm (last visited Aug. 2, 2012) ("A proposed complaint is filed when a copy is delivered or mailed by registered or certified mail to the Department with the required filing and processing fees. If an insufficient filing fee is submitted, the proposed/amended complaint will not be considered filed until the date the appropriate fees are received.").

The Millers' attorney received Mosley's letter on Friday, April 4, the very day that the statute of limitations expired.[4] That same day, the Millers' attorney mailed a $7.00 check for the filing and processing fees to the Department via first-class mail, not registered or certified mail. On Monday, April 7, the Department received the Millers' fees and file-stamped the proposed complaint as of that date.[5] The Department then sent a copy of the April 7 file-stamped proposed complaint to the Millers' attorney, which was

---

[4] The Department's file in this case includes a handwritten notation on Mosley's March 31 letter from a "S.M.," presumably Stephanie Mosley, that she "[l]eft message for call back Ext 103." *Appellees' App.* at 44.

[5] The Department's file also contains a handwritten notation on Mosley's March 31 letter that is dated April 9 and provides, "File date was stamp[ed] for March 18, 2008 but filing fee was not rec[ei]ved until April 7, 2008 so file date was changed to [reflect] day [that] filing fee was received." *Appellees' App.* at 44.

received on April 9. The Millers' attorney took no action to dispute or otherwise challenge the new April 7 filing date.

Meanwhile, on March 31, 2008, the Millers filed a complaint against the Defendants in Dearborn Superior Court. *Appellees' App*. at 113. Specifically, the Millers alleged that Dr. Dobbs was negligent in failing to treat and care for Ann "in accordance with standards of care and treatment generally accepted in the community," which resulted in Ann suffering a bilateral stroke and Richard's loss of consortium. *Id.* at 117. Because the Millers filed their complaint with the trial court before the Medical Review Panel rendered its opinion, the trial court action was stayed until the panel proceedings were completed. *Id.* at 1 (motion), 3 (trial-court order); *see also* Ind. Code § 34-18-8-7 (providing that "a claimant may commence an action in court for malpractice at the same time the claimant's proposed complaint is being considered by a medical review panel," subject to several requirements).[6]

The Medical Review Panel issued its opinion in July 2010, and the Defendants filed their answer and affirmative defenses in the trial court in October 2010. Specifically, they argued that the Millers' "cause of action herein is barred for the reason that [their] Proposed Complaint was filed with the Indiana Department of Insurance after the expiration of the Indiana statute of limitations applicable to this claim." *Appellees' App*. at 8.

---

[6] We note that one of those requirements is that the complaint filed in court "may not contain any information that would allow a third party to identify the defendant." Ind. Code § 34-18-8-7(a). Notably, the complaint the Millers filed in court identified both the Defendants by name. *See Appellees' App*. at 113.

The Defendants followed up in November 2010 with a motion for summary judgment "on the basis that the [Millers] filed their proposed complaint with the Indiana Department of Insurance after the period of time allowable under the Indiana Medical Malpractice Act, . . . and that [their] action is, therefore, barred." *Id.* at 10. The Millers filed a motion in opposition.

Approximately five months later, in May 2011, the Millers filed a motion to strike the Defendants' motion for summary judgment. The Millers alleged, for the first time, that the Defendants waived their statute-of-limitations defense by not raising the issue before the Medical Review Panel issued its opinion. *Id.* at 161. The Defendants responded that they properly raised their statute-of-limitations defense in the trial court after the Medical Review Panel issued its opinion pursuant to Indiana Code section 34-18-11-1(d).

The trial court granted summary judgment in favor of the Defendants as follows:

1. Plaintiff Ann L. Miller suffered a stroke on April 3rd, 2006 allegedly due to the negligence of the Defendants.

2. Plaintiff filed its complaint in this Court on March 31, 2008.

3. Plaintiff did not file a Complaint with the Indiana Department of Insurance until April 7, 2008.

. . . .

5. Defendants have not waived their right to raise the affirmative defense of the statute of limitations. I.C. 34-18-1-1(d).

6. There exists no genuine issue of material fact and Defendant's [sic] are entitled to judgment as a matter of law.

*Appellants' App*. at 295-96. The Millers now appeal.

7

**DISCUSSION AND DECISION**

The Millers contend that the trial court erred in granting summary judgment to the Defendants on grounds that they filed their proposed complaint with the Department after the two-year statute of limitations for medical-malpractice actions expired. The defense of a statute of limitations is peculiarly suitable as a basis for summary judgment. *McGill v. Ling*, 801 N.E.2d 678, 682 (Ind. Ct. App. 2004), *trans. denied*. The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which may be determined as a matter of law. *Id.* The burden is on the moving party to show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* The trial court's decision on a motion for summary judgment enters the process of appellate review clothed with a presumption of validity. *Id.* Nevertheless, the reviewing court faces the same issues that were before the trial court and must carefully scrutinize the trial court's determination to assure that the non-prevailing party was not improperly prevented from having his or her day in court. *Id.*

A medical-malpractice action may not be brought against a health care provider unless the claim is filed within two years after the occurrence of the alleged malpractice. *Id.* Indiana Code section 34-18-7-1 instructs:

> (b) A claim, whether in contract or tort, may not be brought against a health care provider based upon professional services or health care that was provided or that should have been provided unless the claim is filed within two (2) years after the date of the alleged act, omission, or neglect . . . .

Ind. Code § 34-18-7-1(b). Moreover, a medical-malpractice action may not be brought against a health care provider until the claimant's proposed complaint has been filed with

8

the Department and an opinion has been issued by a medical review panel. *McGill*, 801

N.E.2d at 682. To that end, Indiana Code section 34-18-8-4 provides:

> Notwithstanding section 1 of this chapter, and except as provided in sections 5 and 6 of this chapter, *an action against a health care provider may not be commenced in a court in Indiana before*:
>
> (1) the claimant's proposed complaint has been presented to a medical review panel established under IC 34-18-10 (or IC 27-12-10 before its repeal); and
>
> (2) an opinion is given by the panel.

Ind. Code § 34-18-8-4 (emphasis added). Accordingly, the failure to file a proposed

complaint with the Department within two years from the date of the alleged malpractice

is ordinarily fatal to a medical-malpractice action. *McGill*, 801 N.E.2d at 682.

The filing of a proposed complaint tolls the applicable statute of limitations to and

including a period of ninety days following the claimant's receipt of the Medical Review

Panel's opinion. Ind. Code § 34-18-7-3(a). A proposed complaint is considered filed

when "a copy of the proposed complaint is delivered or mailed by registered or certified

mail to the commissioner." I.C. § 34-18-7-3(b). A filing fee of $5.00 plus a processing

fee of $2.00 for each additional defendant after the first defendant "must accompany each

proposed complaint filed." Ind. Code § 34-18-8-2.

Here, the Millers filed their proposed complaint with the Department on March 18,

2008, approximately two weeks before the statute of limitations expired; however, they

did not include the mandatory filing and processing fees with their proposed complaint.

The Millers later mailed these fees via first-class mail, and the Department received them

on April 7, 2008 – three days after the statute of limitations expired. The Millers,

however, filed a complaint in Dearborn Superior Court before the statute of limitations expired.

The Millers argue that they substantially complied with the Medical Malpractice Act because they timely mailed the proposed complaint, albeit without the mandatory fees. They contend that, in providing the proposed complaint to the Department and to the Defendants, they substantially complied with the dictate of the statutory process. The Millers further claim that the process was completed when the fees were mailed on April 4, 2008.

The Defendants rely on several cases to support their position that the Millers failed to timely submit their proposed complaint. In *Boostrom v. Bach*, 622 N.E.2d 175 (Ind. 1993), *cert. denied*, 513 U.S. 928 (1994), the plaintiff mailed a small-claims complaint by certified mail on the day that the statute of limitations expired. However, the plaintiff did not include the filing fee. The clerk received the complaint but did not file it until the fee was paid. According to Indiana Small Claims Rule 2(A) at that time, a small-claims action was commenced "by the filing of an unverified notice of claim in a court of competent jurisdiction."[7] *Id.* at 175. The Indiana Supreme Court ruled that the complaint was not filed until the fee was paid, noting that payment of the filing fee "is wholly in the hands of the plaintiff." *Id.* at 176-77. The Court also noted that the court's "desire to dispose of appeals on the merits whenever possible does not displace the legislative policy which undergirds the statute of limitations," that is, to spare courts from stale claims and ensure that parties are given seasonable notice that a claim is being

[7] Small Claims Rule 2(A) now provides, "An action under these rules shall be commenced by the filing of an unverified notice of claim in a court of competent jurisdiction and by payment of the prescribed filing fee or filing an order waiving the filing fee."

asserted against them. *Id.* at 176. The Court found that "[t]endering the prescribed court costs fee is relevant" to this objective. *Id.*

In *Fort Wayne International Airport v. Wilburn*, 723 N.E.2d 967 (Ind. Ct. App. 2000), *trans. denied*, this court applied the holding from *Boostrom* and found the plaintiff's complaint to be untimely filed when the plaintiff timely mailed the complaint, which was file-marked before the statute of limitations expired, but failed to tender the summons until after the statute of limitations had expired. *Id.* at 968. This court noted that the plaintiff controls presentation of all documents necessary to commence suit – the complaint, the summons, and the fee; accordingly, although the plaintiff submitted two of three items necessary, it was found not to be adequate. *Id.*

Later, in *Ray-Hayes v. Heinamann*, 760 N.E.2d 172 (Ind. 2002), *reh'g granted*, 768 N.E.2d 899 (2002), our Supreme Court approved the holding of *Wilburn* and affirmed the trial court's dismissal of the plaintiff's amended complaint as being untimely where, although an amended complaint adding new defendants and the filing fee were timely filed, the plaintiff did not tender the summons for the new defendants until after the statute of limitations had run. *Id.* at 174. The Supreme Court determined that *Wilburn* had been correctly decided not only because of sound policy reasons, but also because Indiana Trial Rule 3 had recently been amended to specify that an action is commenced by filing the complaint, paying the filing fee, and furnishing sufficient copies of the complaint and summons. *Id.* at 174-75.[8]

---

[8] The Supreme Court's opinion on rehearing concluded that the rule announced in its original opinion would be applied prospectively only based upon "very specific circumstances." *Ray-Hayes v. Heinamann*, 768 N.E.2d 899, 901 (Ind. 2002).

11

The Defendants contend that the Millers had a specific obligation imposed by Indiana Code section 34-18-8-2 to tender the filing and processing fees with their proposed complaint, and that the Department correctly determined that the Millers' proposed complaint was filed on April 7, 2008, the date the Department actually received the filing and processing fees. We disagree. Because the matter before us arises from a proposed complaint filed before a medical review panel, and not from a complaint filed in our trial courts, we do not believe our decision here is controlled by existing precedent from our Supreme Court or this court. The present case does not involve any trial or small claims rules, and the rationale from cases interpreting such does not equally apply to cases under the Medical Malpractice Act.

It has long been the preferred policy of this State, this court and our Supreme Court to decide cases upon their merits. "We prefer to decide a case on the merits whenever possible." *Omni Ins. Grp. v. Poage*, 966 N.E.2d 750, 753 (Ind. Ct. App. 2012) (citing *United Farm Family Mut. Ins. Co. v. Michalski,* 814 N.E.2d 1060, 1067 (Ind. Ct. App. 2004)). Indiana Code section 34-18-7-3(b) provides that, "A proposed complaint under IC 34-18-8 is considered filed when a copy of the proposed complaint is delivered or mailed by registered or certified mail to the commissioner." Indiana Code section 34-18-8-2 provides that the filing fees "must accompany each proposed complaint filed."

We believe that there are two ways to proceed when, as here, a proposed complaint is delivered or mailed by registered or certified mail to the Department and does not contain the filing fees. On the one hand, we could, as the trial court did here, treat the proposed complaint as unfiled until the filing fees are paid. Or, we could treat

the complaint as filed and issue a show cause notice to the plaintiffs that the filing fee had not been paid and that their proposed complaint would be dismissed unless the filing fee were paid in short order. In the first instance, we dismiss what may prove to be a meritorious complaint on procedural grounds for a small delay in the payment of a small sum,[9] here a mere seven dollars. In the second, we provide the parties with the opportunity to rectify their error and proceed to determine the complaint on its merits.

We often write of our desire to determine disputes on their merits. If that be so, our jurisprudence should be brought in line with this desire. The statute of limitations exists not only to spare courts from stale claims, but also "to insure that parties are given formal and seasonable notice that a claim is being asserted against them." *Boostrom*, 622 N.E.2d at 176 (citing *State ex rel. Young v. Noble Circuit Court*, 263 Ind. 353, 359, 332 N.E.2d 99, 103 (1975)). Where, as here, the proposed complaint was delivered or mailed by registered or certified mail to the Department within the statute of limitations, but did not contain the filing and processing fees, and the fees were paid shortly after the plaintiffs were informed of their inadvertent failure to pay the fees, such complaints should be determined on their merits. This is particularly true, when, as occurred in the present case, such minimal delay in paying the fees did not prejudice the defendant in its ability to proceed in its defense of such a claim. The Defendants received seasonable notice of the Millers' claim against them as they were aware of the proposed complaint when it was originally sent on March 18, 2008 and, believing that the proposed complaint was timely filed, they participated in normal preparation for the submission of evidence

---

[9] Here, the sum involved was $7.00 which was paid three days after the statute of limitations expired. It is ironic that the parties have now spent more than four years in litigation and countless sums of money in a dispute over seven dollars and three days.

13

to the Medical Review Panel. We therefore conclude that the Millers rectified their error in failing to send the fees with the proposed complaint in a prompt fashion, and their proposed complaint should have been deemed timely filed. The trial court erred in granting summary judgment in favor of the Defendants.

Reversed and remanded.

BROWN, J., concurs in result with separate opinion.

VAIDIK, J., dissents with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANN L. MILLER and RICHARD A. MILLER, | ) | |
| | ) | |
| Appellants-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 15A05-1108-CT-431 |
| | ) | |
| GLENN L. DOBBS, D.O., and | ) | |
| PARTNERS IN HEALTH, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

**Brown, Judge, concurring in result.**

I concur in the result reached by Judge Kirsch that the court's grant of summary judgment should be reversed, but I do so for different reasons. As Judge Kirsch notes, this case arises from a proposed complaint filed before a medical review panel, rather than from a complaint filed in a trial court, and thus the outcome is dictated by the Medical Malpractice Act ("MMA"). Chapter 7 of the MMA, titled "Statute of Limitations," contains three sections including Ind. Code § 34-18-7-3, titled "Tolling of statute of limitations; filing of proposed complaint," which provides in relevant part that "[a] proposed complaint under IC 34-18-8 is *considered filed when a copy of the proposed complaint* is delivered or *mailed by registered or certified mail* to the commissioner." I.C. 34-18-7-3(b) (emphasis added). Thus, for purposes of the statute of limitations, a proposed complaint under the MMA is filed when it has been delivered or mailed by registered or certified mail to the commissioner.

15

Indeed, a plain reading of the relevant sections of the MMA demonstrate that, although paying filing and processing fees is necessary to bring an action under the MMA, it does not bear on the tolling statute under Chapter 7. Ind. Code § 34-18-8-2, the fees section, is contained in Chapter 8 of the MMA, titled "Commencement of a Medical Malpractice Action," and states that "[t]he following fees must *accompany* each proposed complaint *filed*." (Emphasis added). Thus, in harmonizing Section 2 with Ind. Code § 34-18-7-3(b), one can only conclude that a proposed complaint is filed when it has been delivered or mailed by registered or certified mail to the commissioner, and that there are fees which must accompany the proposed complaint in order to commence the action. See Burd Mgmt., LLC v. State, 831 N.E.2d 104, 108 (Ind. 2005) ("So long as two statutes can be read in harmony with one another, we presume that the Legislature intended for them both to have effect.").

Although I agree with Judge Kirsch that existing precedent governing statutes of limitation is not controlling with regard to a proposed complaint filed under the MMA, an examination of the Indiana Supreme Court's decision in Boostrom v. Bach, 622 N.E.2d 175 (Ind. 1993), illustrates how the statute of limitations under the MMA is different. In Boostrom, the applicable statute of limitations, Ind. Code § 34-1-2-2,[10] dictated that "after a cause of action has accrued, an action *must be commenced* within the period therein prescribed and not afterwards." 622 N.E.2d at 175 (emphasis added). Boostrom argued that Ind. Trial Rule 5(E), which provided "that the 'filing of pleadings, motions, and other papers with the court as required by these rules' may be made by mailing to the

_____

[10] Ind. Code § 34-1-2-2 was repealed by Pub. L. No. 1-1998, § 221.2

16

clerk via registered or certified mail return receipt requested, [] that filings so made 'shall be complete upon mailing,'" and that "this rule, read in conjunction with S.C.R. 2(A), leads to the conclusion that a small claims action is commenced when a notice of claim is mailed to the clerk." Id. at 176. The Court held that "[t]his view misapprehends the significance of T.R. 5(E), which only defines *how* a required filing may be made" and that "it does not necessarily follow that an action is *commenced* by mailing only the notice." Id. (emphasis added).

Here, as explained above, Ind. Code § 34-18-7-3(b) contains no such language about having "commenced" an action in order to toll the statute of limitations and instead provides that "[a] proposed complaint under IC 34-18-8 *is considered filed* when a copy of the proposed complaint is delivered or mailed by registered or certified mail to the commissioner." (Emphasis added). Thus, under the MMA, filing the proposed complaint by delivering or mailing by registered or certified mail, by itself, tolls the statute of limitations. To that end, there is no dispute that on March 18, 2008, over two weeks prior to the limitations period expiring, the Millers' attorney mailed the proposed complaint by certified mail to the Department. Thus, under Ind. Code § 34-18-7-3(b), the limitations period was tolled beginning on that date. Also, pursuant to Ind. Code § 34-18-8-2 the Millers still owed $7 in filing and processing fees in order to commence their medical malpractice action which they satisfied in short order. To the extent that the Department changed the filing date to April 7, 2008, following the receipt of the $7 filing fee, I find that such a change is immaterial for statute of limitations purposes.

17

ANN L. MILLER and RICHARD A. MILLER,   )
                                  )
     Appellants-Plaintiffs,          )
                                  )
         vs.                  )     No. 15A05-1108-CT-431
                                  )
GLENN L. DOBBS, D.O. and           )
PARTNERS IN HEALTH,           )
                                  )
     Appellees-Defendants.        )

**VAIDIK, Judge, dissenting.**

I respectfully dissent from both Judge Kirsch's and Judge Brown's interpretations of the Medical Malpractice Act. I believe that the statute is clear and that a proposed medical malpractice complaint is not considered filed until the filing and processing fees are paid. Our Supreme Court precedent also requires such a result. Because the Millers' filing and processing fees were paid after the statute of limitation expired, I would affirm the trial court's grant of summary judgment in favor of the Defendants.

Our Supreme Court has created several bright lines in the law. Statutes of limitation and filing fees are two of them. That is, filing a complaint outside the applicable statute of limitation, even by one day, or failing to include the filing fee with a complaint can lead to the dismissal of the complaint. Statutes of limitation exist to spare courts from stale claims and to ensure that parties are given formal and seasonable notice that a claim is being asserted against them. *Boostrom v. Bach*, 622 N.E.2d 175, 176 (Ind. 1993), *reh'g denied*. Tendering court costs is also relevant to this objective. *Id.* Failing

18

to include sufficient postage on an envelope can lead to the dismissal of the complaint as well. *Webster v. Walgreen Co.*, 966 N.E.2d 689 (Ind. Ct. App. 2012), *trans. denied*; *see also Comer v. Gohil*, 664 N.E.2d 389, 391-92 (Ind. Ct. App. 1996) (the plaintiff did not include sufficient postage for her proposed medical malpractice complaint, and by the time the plaintiff resent it, the statute of limitation had expired; this Court held that the plaintiff's action was "time-barred"), *trans. denied*. I believe that the same bright line applies to filing and processing fees for a proposed complaint in the context of the Medical Malpractice Act.

Indiana Code section 34-18-7-3(b) provides that a proposed complaint is considered filed when "a copy of the proposed complaint is delivered or mailed by registered or certified mail to the commissioner." Indiana Code section 34-18-8-2 provides that a filing fee of $5.00 plus a processing fee of $2.00 for each additional defendant after the first defendant "must accompany each proposed complaint filed." Despite the straightforward language used by our legislature, both of my colleagues strain to interpret the statute.

Judge Kirsch creates a new test. That is, he finds that if a plaintiff delivers or mails a proposed complaint to the Department but the proposed complaint does not contain the required filing and processing fees, the court can treat the proposed complaint as filed and issue a show-cause notice to the plaintiff that the proposed complaint will be dismissed unless the fees are paid "in short order." Slip op. at 13. I believe that this in-short-order test is too subjective and fraught with problems. Although in this case the $7.00 fee was received 3 days after the statute of limitation expired, where is the line

19

drawn in other cases? 10 days? 30 days? $17.00? $105.00? Additionally, Judge Kirsch places the burden of ensuring that filing and processing fees are paid not on the plaintiff but on the Department and the trial court. That is, he requires the Department to file the complaint and advise the trial court that costs have not been paid so the trial court can issue a show-cause order. To be sure, to a certain extent, the Department, as every clerk's office does, serves as the gatekeeper or enforcer of filing and processing fees by not allowing a case to be filed before fees are paid.[11] But to require trial courts and the Department to file show-cause orders to ensure that filing and processing fees are paid goes too far in my opinion. Instead, the burden of timely paying such fees should remain on attorneys.

Likewise, I respectfully disagree with Judge Brown's concurring-in-result opinion. She distinguishes tolling a statute of limitation from commencing an action and believes that a statute of limitation can be tolled before an action is commenced.[12] The purpose of a statute of limitation is to notify a party that a claim has been asserted. It is axiomatic that a claim not commenced is a claim not asserted. Thus, an action must be commenced before the statute of limitation is tolled. Additionally, if filing and processing fees are not paid, then there is no processing, including no notice to the party sued. Under Judge Brown's interpretation, a complaint could sit dormant in the Department's office for years "not commenced" and yet the statute of limitation would be tolled. Since notice to the sued party and sparing courts from stale claims are the reasoning behind statutes of

---

[11] Here, the Department sent a letter to the Millers' attorney that the fees needed to be sent *before* the statute of limitation expired, giving the attorney an opportunity to correct his error. He did not do so.

[12] To toll is to stop the running of a time period. Black's Law Dictionary 1525 (8th ed. 1999).

limitation, this interpretation of the statute would defeat the very purpose of the limitations period.

The Medical Malpractice Act spells out that a proposed complaint must be accompanied by filing and processing fees, and so does the Department's website. *See* Ind. Dep't of Ins., *Medical Malpractice: Filing a Complaint*, http://www.in.gov/idoi/2614.htm (last visited Aug. 21, 2012) ("A proposed complaint is filed when a copy is delivered or mailed by registered or certified mail to the Department with the required filing and processing fees. If an insufficient filing fee is submitted, the proposed/amended complaint will not be considered filed until the date the appropriate fees are received."). We should expect a minimum level of competence from the attorneys who practice in this State, and this minimum level of competence includes knowing that the filing and processing fees must be included with a proposed complaint in order for it to be considered filed.

I get it. It is hard to punish the plaintiff for the errors of her attorney. But, although the remedy is less than perfect, the plaintiff is not without one. This is the quintessential case of bad facts that create bad law. Our Supreme Court and legislature have created a bright line with regard to statutes of limitation and payment of filing and processing fees. We have bright lines in the law for a reason: they bring certainty to the law. Because a proposed complaint is not considered filed until the filing and processing fees are paid and the Millers' filing and processing fees were paid after the statute of limitation expired, I would affirm the trial court's grant of summary judgment in favor of the Defendants.